1
2
3
4
5
6
7
8

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman, Esq. (SBN: 151990)
Brian E. Turnauer, Esq. (SBN: 206783)
Tamar Yeghiayan, Esq. (SBN: 298473)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Email: bfreedman@ftllp.com
         bturnauer@ftllp.com
         tyghiayan@ftllp.com

9
10
11

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>        vs.<br><br>THOMAS WESLEY PENTZ a/k/a "DIPLO," MAD DECENT PROTOCOL, LLC, MAD DECENT, LLC, MAD DECENT PROPERTIES, LLC, SILK CITY TOURING, INC., LOCKETT & LAZER, LLC, and HOLLERTRONIX PRODUCTIONS, INC.,<br><br>        Defendants. | Case No.: 2:24-cv-05455-MRA-MAR<br><br>[Assigned to the Hon. Mónica Ramírez Almadani]<br><br>**CORPORATE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Brian E. Turnauer; [Proposed] Order]<br><br>Date:          December 9, 2024<br>Time:          1:30 p.m.<br>Courtroom:   10B |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 9, 2024, at 1:30 p.m., in Courtroom 10B of the above-entitled Court, located at 350 W. First Street, Los Angeles, CA 90012, defendants Hollertronix Productions, Inc., Mad Decent Properties, LLC, Locket & Lazar, LLC, Silk City Touring, Inc., and Mad Decent Protocol, Inc. (collectively, "**Corporate Defendants**") will, and do hereby, move to dismiss plaintiff Jane Doe's ("**Plaintiff**") Complaint (ECF No. 1).

This Motion is made pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that Plaintiff filed her Complaint under a fictious name without first obtaining leave of Court in violation of Fed. R. Civ. P. 10(a). This Motion is further made pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff fails to satisfy the Rule 8 pleading standard by impermissibly lumping together all defendants without differentiation.

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the Declaration of Brian E. Turnauer, the pleadings and records contained herein, and on such other argument and evidence as may be presented at the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule ("L.R.") 7-3 which took place on August 22, October 17 and October 28, 2024. (*See* Declaration of Brian E. Turnauer ["Turnauer Decl."] ¶ 2-4.) Counsel met and conferred as soon as reasonably practical for all relevant parties. (*Id*. at ¶5.)

Dated: October 30, 2024          LINER FREEDMAN TAITELMAN + COOLEY, LLP

By:    *Brian E. Turnauer*
          Bryan J. Freedman
          Brian E. Turnauer
          Tamar Yeghiayan
          Attorneys for Defendants

CORPORATE DEFENDANTS' MOTION TO DISMISS

**I.    INTRODUCTION**

Plaintiff Jane Doe's ("**Plaintiff**") Complaint is both facially and factually defective. Notwithstanding that she commenced suit more than four (4) months ago, Plaintiff has failed to seek leave of this Court to litigate pseudonymously. As of this filing, defendants Hollertronix Productions, Inc., Mad Decent Properties, LLC, Locket & Lazar, LLC, Silk City Touring, Inc., and Mad Decent Protocol, Inc. (collectively, "**Corporate Defendants**") are entirely unaware of the identity of their accuser and, therefore, lack any ability to substantively respond to Plaintiff's unverified allegations. More significantly, Plaintiff's inaction has deprived this Court of subject matter jurisdiction. On this basis alone, dismissal is proper.

However, even if the Court determines that it has subject matter jurisdiction, the Court should dismiss Corporate Defendants because Plaintiff fails to state a claim against them. The Complaint is entirely devoid of allegations specific to Corporate Defendants, and Plaintiff's scant, boilerplate assertions fall well short of the pleading standard. In short, Plaintiff fails to allege any basis for Corporate Defendants' liability. It is abundantly clear that Plaintiff is attempting to rope Corporate Defendants into this case for tactical but legally unsound motivations.

For these reasons, and as further elaborated herein, Corporate Defendants' Motion should be granted.

**II.    RELEVANT ALLEGATIONS**

Plaintiff files suit "for damages and other relief arising out of Defendants' violations of federal statute 15 U.S.C. § 6851(b)(1)(A), and related state law claims." (Compl. ¶ 1.)

As it pertains to Corporate Defendants, Plaintiff alleges "[u]pon information and belief, at all times mentioned herein, each of the Defendants was an agent, servant, employee, partner, joint ventures, franchisee, alter ego, aider and abettor, and/or co-conspirator and engaged in a common or common enterprises with each of the remaining Defendants herein, and was at all relevant times acting within the

course and scope of said agency, service, employment, partnership, joint venture, franchise, unlawful enterprise, conspiracy, and/or lawful or unlawful conduct as herein alleged." (Compl. ¶ 47.) Plaintiff adds, "[u]pon information and belief, at all relevant times mentioned herein, each of the Defendants designated herein are responsible in some manner or is otherwise legally liable to Plaintiff for injuries complained of herein." (Compl. ¶ 48.)

Other than these bald, conclusory assertions, Plaintiff offers **zero** allegations regarding any aspect of Corporate Defendants' purported involvement in the claims at issue.

## III.  **LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1). Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate when either the complaint or evidence extrinsic to the complaint demonstrates that the court lacks subject matter jurisdiction over the action. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A party seeking dismissal for lack of subject matter jurisdiction may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Fed. R. Civ. P. 12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim meets the standard of "facial plausibility" only where "the pleaded factual content allows the court to draw the reasonable inference that [each] defendant" is, in fact, "liable for the misconduct alleged." *Id.* In assessing the "plausibility" of a claim, the Court must "draw on its judicial experience and common sense" and discard "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements." *Id.* at 678-79. Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## IV.   ARGUMENT

### A.   The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction Because Plaintiff Has Failed to Seek Leave to Proceed Under Pseudonym

Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction on the ground that Plaintiff has failed to seek leave of Court to proceed pseudonymously. Fed. R. Civ. P. 10(a) provides, in relevant part, that "the complaint must name all the parties . . . ." "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). "This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers. *Id.* at 1042 (internal citations omitted). Indeed, a plaintiff's "use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint include the names of all the parties . . . ." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations and quotation marks omitted).

To this end, "[a]bsent permission by the district court to proceed anonymously, and under such other conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *M.A.C. v. Gildner*, 853 F. App'x 207, 210 (10th Cir. 2021) (citing

*Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989*); see also John v. Cnty. of Sacramento*, No. 216CV1640JAMDBPS, 2018 WL 558767, at *1 (E.D. Cal. Jan. 24, 2018) ("When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so").

Plaintiff has not sought permission from this Court to proceed anonymously, and, thus, the Complaint should be dismissed.

**B.    <u>Plaintiff Fails to Satisfy the Rule 8 Pleading Requirements by Impermissibly Lumping Together All Defendants</u>**

Plaintiff's Complaint is subject to a global attack for failure to satisfy Fed. R. Civ. P. 8. Plaintiff's allegations are insufficient in that they are ascribed to the various defendants collectively. *See Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006). A plaintiff suing multiple defendants "must allege the basis of his claim against *each* defendant to satisfy Fed. R. Civ. P. 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (emphasis added). "Specific identification of the parties to the activities alleged by the plaintiffs is required to enable a defendant to plead intelligently." *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277, 284 (D. Wis. 1975).

Under the pleading standard of Rule 8, Plaintiff must distinguish defendants' particular roles in the alleged causes of action. Plaintiff must allege facts showing how each and every defendant is involved—if it can—and enable Corporate Defendants to know what misconduct they are charged with. Because Plaintiff merely lumps together Corporate Defendants and individual defendant Thomas Welsey Pentz ("Individual Defendant"), Plaintiff's claims must be dismissed for failing to satisfy the pleading requirements.

## V.    <u>CONCLUSION</u>

Based on the foregoing, Corporate Defendants respectfully request that the Court grant the instant Motion.

Dated: October 30, 2024          LINER FREEDMAN TAITELMAN + COOLEY, LLP

By: _____*Brian E. Turnauer*_____
Bryan J. Freedman
Brian E. Turnauer
Tamar Yeghiayan
Attorneys for Defendants