LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman, Esq. (SBN: 151990)
Brian E. Turnauer, Esq. (SBN: 206783)
Tamar Yeghiayan, Esq. (SBN: 298473)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Email: bfreedman@ftllp.com
       bturnauer@ftllp.com
       tyghiayan@ftllp.com

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>  vs.<br><br>THOMAS WESLEY PENTZ a/k/a "DIPLO," MAD DECENT PROTOCOL, LLC, MAD DECENT, LLC, MAD DECENT PROPERTIES, LLC, SILK CITY TOURING, INC., LOCKETT & LAZER, LLC, and HOLLERTRONIX PRODUCTIONS, INC.,<br><br>    Defendants. | Case No.: 2:24-cv-05455-MRA-MAR<br><br>[Assigned to the Hon. Mónica Ramírez Almadani]<br><br>**DEFENDANT THOMAS WESLEY PENTZ' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Brian E. Turnauer; [Proposed] Order]<br><br>Date:     December 9, 2024<br>Time:     1:30 p.m.<br>Courtroom: 10B |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 9, 2024, at 1:30 p.m., in Courtroom 10B of the above-entitled Court, located at 350 W. First Street, Los Angeles, CA 90012, specially appearing defendant Thomas Wesley Pentz ("Individual Defendant") will, and does hereby, move to dismiss Plaintiff Jane Doe's ("Plaintiff") Complaint (ECF No. 1). This Motion is made pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that Plaintiff filed her Complaint under a fictious name without first obtaining leave of Court in violation of Fed. R. Civ. P. 10(a).

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the Declaration of Brian E. Turnauer, the pleadings and records contained herein, and on such other argument and evidence as may be presented at the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule ("L.R.") 7-3 which took place on August 22, October 17 and October 28, 2024. (*See* Declaration of Brian E. Turnauer ["Turnauer Decl."] ¶ 2-4.) Counsel met and conferred as soon as reasonably practical for all relevant parties. (*Id*. at ¶5.)

Dated: October 30, 2024     LINER FREEDMAN TAITELMAN + COOLEY, LLP

By: *Brian E. Turnauer*
  Bryan J. Freedman
  Brian E. Turnauer
  Tamar Yeghiayan
  Attorneys for Defendants

## I. INTRODUCTION

Plaintiff Jane Doe's ("**Plaintiff**") Complaint is facially defective. Though she filed suit more than four (4) months ago, Plaintiff has failed to seek leave of this Court to litigate pseudonymously. As of this filing, and contrary to Plaintiff's prior misrepresentations to the Court, Defendant Thomas Wesley Pentz ("**Individual Defendant**") is unaware of the identity of his accuser and, therefore, lacks any ability to substantively respond to Plaintiff's unverified allegations. Indeed, Individual Defendant cannot adequately confront his accuser without knowing her identity. More significantly, Plaintiff's inaction and persistent refusal to reveal her identity as part of this litigation has deprived this Court of subject matter jurisdiction. On this basis, dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, Individual Defendant's Motion should be granted.

## II. RELEVANT ALLEGATIONS

Plaintiff files suit "for damages and other relief arising out of Defendants' violations of federal statute 15 U.S.C. § 6851(b)(1)(A), and related state law claims." (Compl. ¶ 1.)

## III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1). Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate when either the complaint or evidence extrinsic to the complaint demonstrates that the court lacks subject matter jurisdiction over the action. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A party seeking dismissal for lack of subject matter jurisdiction may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

///

///

## IV. ARGUMENT

### A. The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction Because Plaintiff Has Failed to Seek Leave to Proceed Under Pseudonym

Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction on the ground that Plaintiff has failed to seek leave of Court to proceed pseudonymously. Fed. R. Civ. P. 10(a) provides, in relevant part, that "the complaint must name all the parties . . . ." "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). "This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers. *Id.* at 1042 (internal citations omitted). Indeed, a plaintiff's "use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint include the names of all the parties . . . ." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations and quotation marks omitted).

To this end, "[a]bsent permission by the district court to proceed anonymously, and under such other conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *M.A.C. v. Gildner*, 853 F. App'x 207, 210 (10th Cir. 2021) (citing *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989*); see also John v. Cnty. of Sacramento*, No. 216CV1640JAMDBPS, 2018 WL 558767, at *1 (E.D. Cal. Jan. 24, 2018) ("When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so").

Plaintiff has not sought permission from this Court to proceed anonymously, and, thus, the Complaint should be dismissed.

### V. <u>CONCLUSION</u>

Based on the foregoing, Individual Defendant respectfully requests that the Court grant the instant Motion.

Dated: October 30, 2024      LINER FREEDMAN TAITELMAN + COOLEY, LLP

By: ___*Brian E. Turnauer*___
      Bryan J. Freedman
      Brian E. Turnauer
      Tamar Yeghiayan
      Attorneys for Defendants