Micha S. Liberty
micha@libertylaw.com
LIBERTY LAW
California Bar No. 215687
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Tel: (510) 645-1000

Helene M. Weiss, *Pro Hac Vice*
heleneweiss@marsh.law
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212)372-3030
Fax: (833) 210-3336

Cori J. Iacopelli, *Pro Hac Vice*
coriiacopelli@marsh.law
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JANE DOE,

Plaintiff,

v.

THOMAS WESLEY PENTZ a/k/a "DIPLO," MAD DECENT PROTOCOL, LLC, MAD DECENT PROPERTIES, LLC, SILK CITY TOURING, INC., LOCKETT & LAZER, LLC, and HOLLERTRONIX PRODUCTIONS, INC.,

Defendants.

Case No. 2:24-cv-05455-MRA-MAR

**PLAINTIFF'S NOTICE OF MOTION TO PROCEED WITH PSEUDONYM**

Date: December 2, 2024

Time: 1:30 p.m. (PST)

Place: Courtroom 10B, Hon. Monica Ramirez Almadani

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE**, on December 2, 2024, at 1:30 p.m. (EST), or soon thereafter as counsel may be heard, Plaintiff Jane Doe will, and hereby does, move this Court for an Order allowing her to proceed in this litigation using the pseudonym "JANE DOE" due to the highly sensitive and personal nature of her claims and in order to protect her from harassment, injury, ridicule, social stigmatization, and personal embarrassment.

This motion will be made before the Honorable Monica Ramirez Almadani, United States District Judge for the Central District of California, located 350 West First Street, Los Angeles, CA 90012, in Courtroom 10B.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all pleadings, records, and other documents on file with the Court in this action, and upon such oral and/or documentary evidence as may be presented at, before, and after the hearing of this motion. This motion is made following the conferences of counsel pursuant to L.R. 7-3 which took place on August 22, 2024, September 4, 2024, September 26, 2024, October 17, 2024, and October 28, 2024.

DATED this 30th day of October 2024

By: *Cori J. Iacopelli*____________

Cori J. Iacopelli, *Pro Hac Vice*
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336
Email: coriiacopelli@marsh.law

Helene M. Weiss, *Pro Hac Vice*
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212)372-3030
Fax: (833) 210-3336
Email: heleneweiss@marsh.law

Micha S. Liberty
LIBERTY LAW
California Bar No. 215687
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Tel: (510) 645-1000

*Attorneys for Plaintiffs*

Micha S. Liberty
micha@libertylaw.com
LIBERTY LAW
California Bar No. 215687
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Tel: (510) 645-1000

Helene M. Weiss, *Pro Hac Vice*
heleneweiss@marsh.law
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212)372-3030
Fax: (833) 210-3336

Cori J. Iacopelli, *Pro Hac Vice*
coriiacopelli@marsh.law
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS WESLEY PENTZ a/k/a "DIPLO," MAD DECENT PROTOCOL, LLC, MAD DECENT PROPERTIES, LLC, SILK CITY TOURING, INC., LOCKETT & LAZER, LLC, and HOLLERTRONIX PRODUCTIONS, INC.,<br><br>Defendants. | Case No. 2:24-cv-05455-MRA-MAR<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO PROCEED WITH PSEUDONYM** |

Plaintiff "Jane Doe", through her attorneys of record, Micha S. Liberty of Liberty Law and Helene M. Weiss and Cori J. Iacopelli of Marsh Law PLLC, moves this Court for an order allowing her to proceed in the above-captioned matter using a pseudonym.

Plaintiff makes this request in order to protect herself from harassment, injury, ridicule, social stigmatization, and personal embarrassment.

## I. FACTS RELEVANT TO MOTION

This matter before the court comes on Plaintiff's claims for civil damages against the Defendants for violations of the federal intimate disclosure and/or revenge pornography statute and related state law claims. As set forth in the Complaint herein, Jane Doe is the subject of intimate images and videos. These images and videos, which form the basis of the claims herein, are highly personal, intimate, and humiliating to Plaintiff.

From approximately April 2016 through October 2023, Defendant Thomas Wesley Pentz (known by his stage name "Diplo") maintained a sexual relationship with Plaintiff. Throughout their relationship, Plaintiff and Diplo exchanged intimate and/or nude photographs and videos. Plaintiff always requested that Defendant Diplo keep the images and videos confidential. On some occasions, Plaintiff gave Defendant Diplo permission to record them having sex, but never gave him permission to distribute and/or disclose those images and videos to third parties. Plaintiff trusted Defendant Diplo to keep the images and videos confidential and that he would not record them without her explicit consent.

Unbeknownst to Plaintiff, between approximately 2018 and 2023, Defendant Diplo recorded himself having sex with Plaintiff on numerous occasions and distributed and/or disclosed the images and videos to third parties without Plaintiff's knowledge or consent. Defendant Diplo shared the images and videos with third parties via text messaging and Snapchat. The images and

videos depicted Plaintiff's genitals, buttocks, and face. One of the videos also captured Plaintiff's voice while having sex with Defendant Diplo. Plaintiff did not consent to the disclosure and/or distribution of the images and videos by Defendant Diplo.

Plaintiff Jane Doe has suffered greatly due to being the subject of these circulated images and videos. The true extent of the circulation remains unknown to Plaintiff, but she lives in fear that the images and videos of her continue to be circulated to this day. Plaintiff suffers psychologically in a number of different manners, she is hypervigilant, suffers a rational paranoia, fear, and anxiety, and has had varying bouts of severe depression and anger to name a few.

## II. ISSUES PRESENTED

Whether the Plaintiff's need for anonymity outweighs any prejudice to Defendants. If so, whether it is appropriate to allow Plaintiff to proceed via pseudonym.

## III. ARGUMENT

The Federal Rules of Civil Procedure do not explicitly authorize, nor absolutely prohibit, the use of fictitious names by plaintiffs or other parties. In *Does I Thru XXIII v. Advanced Textile Corp.* 214 FR.3d 1058 (9th Cir. 2000) (internal citations removed), the Ninth Circuit declared, "[i]n this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary… to protect a person from harassment, injury, ridicule, or personal embarrassment."

In *Advanced Textile*, the Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id* at 1067. When "pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity

of threatened harm, (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id* at 1068 (internal citations removed). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. Finally, the court must decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id* (internal citations removed).

**A. SEVERITY OF THREATENED HARM**

*Advanced Textile* cites *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) for the principle that the severity of threatened harm should be evaluated based on whether or not "divulg[ing] personal information of the utmost intimacy" and "reveal[ing] facts of a highly personal nature … cause damage to… [a person's] good name [] and reputation." This is consistent with the Ninth Circuit's maxim that pseudonyms are allowed "when nondisclosure of the party's identity is necessary… to protect a person from harassment, injury, ridicule, or personal embarrassment."

In *Doe v. Elam*, No. CV14-9788 PSG (MANX), 2015 WL 13905177, at *2 (C.D. Cal. July 20, 2015), this court recognized the highly sensitive and personal nature of disclosure of intimate images:

> there is no question that this litigation involves matters of a sensitive and personal nature to Plaintiff. As discussed above, the case "involves a number of highly intrusive and non-consensual disclosures of Plaintiff's sexually explicit images." *Mot.* 4:23-24. As Plaintiff argues, the Complaint contains allegations regarding "salacious and private details of Plaintiff's relationship with Defendant, and of offensive postings to the internet that include photographs of plaintiff in a state of undress and of a sexual nature." … Considering Plaintiff's allegations and the nature of the lawsuit, the Court is convinced that Plaintiff has a need to proceed using a pseudonym.

*Id.* at *2. *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) ("[t]his district has…considered social stigmatization among the most compelling reasons for permitting anonymity").

Here, Plaintiff Jane Doe is a victim who was harmed by Defendant Diplo's distribution and/or disclosure of her intimate images and videos without her consent. Distribution of visual depictions of Plaintiff engaged in sexually explicit activity while nude without her consent "involves a number of highly intrusive and non-consensual disclosures" which warrants proceeding via pseudonym.

The disclosure of intimate images implicates an affront to human dignity and personal privacy that Congress has chosen to make actionable under 15 U.S.C. § 6851. The very distribution of intimate images without consent poses a great risk of social stigmatization, harassment, ridicule, and personal embarrassment to the victim. Indeed, under 15 U.S.C. § 6851(b)(3)(B), Congress has explicitly provided that "the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym" in actions involving disclosure of intimate images. Such public policy determinations, while not dispositive, support the notion that the current litigation involves matters that are highly personal in nature and of the utmost intimacy so that Plaintiff deserves the protection providing by proceeding under a pseudonym.

In *Jane Roes 1-2 v. SFBSC Mgmt., LLC,* 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015), the plaintiffs, exotic dancers, moved to proceed under pseudonym, arguing that exotic dancing "carries a significant social stigma" and that the case would involve details about them "of a highly sensitive and personal nature." The court granted plaintiffs' motion to proceed under pseudonym, noting that "anonymity is permitted where the subject matter of a case is sensitive and highly personal, and where disclosing a party's identity threatens to subject them to harassment,…ridicule

or personal embarrassment." *Id.* "The plaintiffs have identified an adequate threat of personal embarrassment and social stigmatization that, under *Advanced Textile*, militates for allowing them proceed under Jane Rose pseudonyms." *Id.* at 994.

Similarly, Plaintiff Jane Doe faces the same threat to personal embarrassment and social stigmatization. Moreover, Plaintiff suffers harms, including emotional and psychic pain, violation of her privacy interests, and injury to her reputation and well-being as a result of the circulation of her images and videos. These harms, which are severe and can be lifelong, would be compounded should Plaintiff's identity be revealed to the world.

**B. VULNERABILITY TO RETALIATION**

For all of the above reasons and as previously discussed, Plaintiff is particularly vulnerable to retaliation. *Advanced Textile*, 214 F.3d at 1068 ("anonymity is allowed where identification creates a risk of…physical or mental harm"). As detailed in the Complaint herein, Defendant Diplo is a widely known and famous American DJ with a large following. When another victim spoke out against Defendant Diplo for disclosure of intimate images, she was met with ridicule and threats to bodily harm. There are many individuals who have expressed animosity toward that victim of Defendant Diplo as a result of her pursuing her rights in court. In a more general sense, victims of revenge pornography are often met with threats and ridicule by the public. The risk of harm is increased where a public figure, such as Defendant Diplo, is involved. There is little reason to believe these same sentiments do not hold true for Plaintiff.

**C. ABSENSE OF PREJUDICE TO THE DEFENDANT**

This suit is against private parties and is based on Defendant Diplo's disclosure and/or distribution of Plaintiff's intimate images without her consent. Plaintiff is not a stranger to Defendant Diplo. Plaintiff's true identity is known to Defendant Diplo and Defendant Diplo is

intimately familiar with Plaintiff's intimate images and/or videos. *Doe v. Elam*, No. CV14-9788 PSG (MANX), 2015 WL 13905177, at *2 (C.D. Cal. July 20, 2015) (holding that there was no prejudice to defendant by plaintiff's use of a pseudonym where "Plaintiff's identity is already known to Defendant"); *Advanced Textile*, 214 F.3d at 1069 ("whatever knowledge defendants have of plaintiffs' identities…lessens their claims to be prejudiced by the use of pseudonyms"). Moreover, Plaintiff does not seek to impose limitations on Defendant Diplo's ability to conduct whatever discovery he deems necessary in this matter. *Id.* (defendant would not suffer any prejudice by plaintiff proceeding anonymously where plaintiff did "not seek to impose any limitations on Defendant's ability to conduct whatever discovery he deems necessary"). Plaintiff will disclose her true identity to counsel for defendants for the purposes of discovery under the terms of an appropriate protective order. Thus, there is no prejudice to Defendant Diplo – or any of the other Defendants – by the use of pseudonym in this matter.

**D. PUBLIC INTEREST**

The public interest in this litigation, if any, will not be furthered or enhanced by knowing Plaintiff Jane Doe's legal identity. At this juncture, Defendant Diplo's disclosure of Plaintiff's intimate images and videos has resulted in little publicity.

There is nothing about Plaintiff's identity which is significant or newsworthy. Plaintiff is not a public figure. On the contrary, her story and any media coverage on her attempt to recover in this action would be based solely on the public knowing her as "Jane Doe." In terms of the media's ability to cover this litigation, allowing Plaintiff to proceed under pseudonym is preferable to closing the courtroom or sealing the record since the facts and the record can be publicly revealed without further harming her. *Doe v. Elam*, 2015 WL 13905177, at *2 ("lack of knowledge

of Plaintiff's true identity would in no way obstruct the public's view of the issues or the Court's ability to resolve them").

Other than closing the courtroom or sealing the record, there is no easily implemented alternative mechanism for protecting Plaintiff's confidentiality. Proceeding under a pseudonym enhances the public's ability to participate in litigation by obviating the need to seal or otherwise restrict documents and court proceedings. Since there is no familial or other direct relationship between the parties, there is no need to cloak any of the proceedings in secrecy once Plaintiff Jane Doe's identity is protected. Allowing Plaintiff to proceed under pseudonym properly balances her need for anonymity against countervailing interests in full public disclosure. *Jane Roes 1-2 v. SFBSC Mgmt., LLC,* 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (granting plaintiffs' motion to proceed anonymously where "[t]here [was] nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts"). It also provides other victims with some comfort that they can seek appropriate legal redress without fear of disclosure of their identities. *Doe v. Elam*, 2015 WL 13905177, at *2 ("the Court agrees that requiring Plaintiff to publicly reveal her identity could have a chilling effect on the willingness of victims of these sexually-related cybercrimes to come forward and enforce their rights without fear of additional trauma and privacy violations").

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court allow her to proceed in the above-captioned matter using a pseudonym.

DATED this 30th day of October 2024

By: *Cori J. Iacopelli*____________
Cori J. Iacopelli, *Pro Hac Vice*
MARSH LAW FIRM PLLC

31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336
Email: coriiacopelli@marsh.law

Helene M. Weiss, *Pro Hac Vice*
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212)372-3030
Fax: (833) 210-3336
Email: heleneweiss@marsh.law

Micha S. Liberty
LIBERTY LAW
California Bar No. 215687
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Tel: (510) 645-1000

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains **2329** words, which complies with the word limit of L.R. 11-6.1.

Dated: October 30, 2024

*Cori J. Iacopelli*
Cori J. Iacopelli