LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman, Esq. (SBN: 151990)
Brian E. Turnauer, Esq. (SBN: 206783)
Tamar Yeghiayan, Esq. (SBN: 298473)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Email: bfreedman@lftcllp.com
       bturnauer@lftcllp.com
       tyeghiayan@lftcllp.com

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　Plaintiff,<br><br>vs.<br><br>THOMAS WESLEY PENTZ a/k/a "DIPLO," MAD DECENT PROTOCOL, LLC, MAD DECENT, LLC, MAD DECENT PROPERTIES, LLC, SILK CITY TOURING, INC., LOCKETT & LAZER, LLC, and HOLLERTRONIX PRODUCTIONS, INC.,<br><br>　　Defendants. | Case No.: 2:24-cv-05455-MRA-MAR<br><br>[Assigned to the Hon. Mónica Ramírez Almadani]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED WITH PSEUDONYM**<br><br>[Filed concurrently with Declaration of Brian E. Turnauer and Request for Judicial Notice] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants Hollertronix Productions, Inc., Mad Decent Properties, LLC, Locket & Lazar, LLC, Silk City Touring, Inc., Mad Decent Protocol, Inc. (collectively, "**Corporate Defendants**") and Thomas Wesley Pentz a/k/a Diplo ("**Pentz**") (together with Corporate Defendants, "**Defendants**") respectfully submit the following Memorandum of Points and Authorities in opposition to Plaintiff Jane Doe's ("**Plaintiff**") Motion to Proceed with Pseudonym ("**Motion**") (ECF No. 42).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION/ PRELIMINARY STATEMENT

After proceeding anonymously for more than four months without the required leave of Court, Plaintiff now moves for permission to litigate this case under a pseudonym. Defendants oppose Plaintiff's request. Anonymous parties are strongly disfavored and rarely permitted, particularly in the Ninth Circuit. The Federal Rules of Civil Procedure do not permit or provide for anonymity as it is contrary to the bedrock principles of judicial openness and accountability. Public identification is a necessary cost paid by those who choose to avail themselves of our public court system.

The Ninth Circuit is clear that anonymity must be reserved for only the most "unusual case," in the "special circumstance" where the need to protect the plaintiff from identifiable harm is so extraordinary as to outweigh both the public interest and any prejudice to the opposing party. While 15 U.S.C. § 6851 provides that a court "may" grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym, it is not automatic. As Defendants demonstrate hereinbelow, Plaintiff cannot establish that the circumstances of this case warrant an exception to the customary practice of party identification. In fact, all Plaintiff offers in support of

her request is a conclusory declaration by counsel bereft of **any** evidentiary support.[1] Also, Plaintiff has not (and cannot) offer any justification for having failed to seek leave to proceed anonymously when she filed suit more than four months ago.

For these reasons, and as further elaborated herein, Defendants request that the Court deny the Motion and direct Plaintiff, pursuant to Fed. R. Civ. P. 10(a) and 17(a), to identify herself and substitute the real party in interest.

## II.    RELEVANT ALLEGATIONS AND BACKGROUND

Plaintiff filed suit on June 27, 2024. (*See* ECF No. 1.) On August 22, 2024, Defendants' counsel conferred with Plaintiff's counsel regarding Plaintiff's failure to seek leave of Court to proceed pseudonymously. (Declaration of Brian E. Turnauer ["Turnauer Decl."] ¶ 2.) Rather than file a timely motion, Plaintiff's counsel delayed and obfuscated, insisting that Defendants sign a protective order governing the entirety of the litigation just to ascertain the identity of Plaintiff—a premature demand given that Plaintiff had yet to properly seek leave of court to proceed under a pseudonym. (Turnauer Decl. ¶ 3.) On October 11, 2024, Plaintiff filed an earlier iteration of this motion (the "October 11 Motion"); it was stricken by this Court for Plaintiff's failure to comply with Local Rule 7-3. (Turnauer Decl. ¶ 5.) Thereafter, on October 30, 2024, Plaintiff filed the Motion at issue. (*See* ECF No. 42.) Notably, in both the current and former versions of Plaintiff's Motion, she wrongfully asserts that Pentz is aware of Plaintiff's identity. (Turnauer Decl. ¶ 7.) To be clear, neither Pentz nor Corporate Defendants are aware of Plaintiff's identity, and Plaintiff refuses to disclose the same. (*Id.*)

### A.    Plaintiff's Allegations Are Insufficient to Warrant Anonymity.

Plaintiff alleges that between "June 2016 and October 2023, Plaintiff and

---

[1] Counsel's declaration is rife with inflammatory, *ad hominem* attacks that have nothing whatsoever to do with Plaintiff's required showing. Plaintiff should not be permitted leverage counsels' legitimate and good faith difference of opinion during the meet and confer process to bolster her otherwise dubious request.

Defendant Diplo maintained an intimate relationship, including having sex. During that time, Plaintiff made it known that she did not want Defendant Diplo recording them engaging in sexual activities without her explicit consent nor did she want him to distribute images and/or videos to third parties and never gave him consent to do so." (Compl. ¶59.) Plaintiff alleges that during this time "on some occasions" she gave Pentz "permission to record them having sex, but never gave him permission to distribute those images and videos to third parties . . . ." (Compl. ¶60.)

Plaintiff alleges that "[i]n November 2023, Plaintiff was contacted for the first time by a third-party. The third-party told Plaintiff that she was in possession of images and videos of Plaintiff and Defendant having sex. The third-party told Plaintiff that she received the intimate material from Defendant Diplo on Snapchat on October 14, 2018. The images and videos depicted Plaintiff's genitals, buttocks, and face. One of the videos sent to this third-party also captured Plaintiff's voice while engaged in sexually explicit activities." (Comp. ¶64.)

While Plaintiff claims that she has suffered due to Pentz' alleged distribution of intimate photographs and videos, the Complaint fails to allege that Plaintiff has (i) viewed these photographs and/or videos; (ii) verified that the videos and/or photographs are of her; (iii) asserted that Plaintiff is identifiable in the photographs and/or videos; and (iv) confirmed that the photographs and/or videos were distributed to anyone. (Turnauer Decl. ¶ 4.)

### B. Plaintiff Inaccurately Recounts Unrelated Disputes.

In her Complaint, Plaintiff references an unrelated dispute involving Marchel ("Shelly") Auguste and Pentz. However, Plaintiff's, recitation of the Auguste-Pentz dispute is inaccurate and misleading. (*See generally* Turnauer Decl. ¶¶ 8-17.) Defendants denounce any attempt by Plaintiff to distort the record to sway public favor for purposes of this Motion. In short, Auguste and Pentz entered into a dual private restraining order; Auguste never obtained a civil restraining order against Pentz. Thereafter, on April 20, 2021, Pentz filed a civil complaint against Auguste

for (1) stalking, (2) trespass, and (3) revenge porn pursuant to Cal. Civ. Code § 1708.85 (LASC Case No. 21STCV16321). (Turnauer Decl. ¶ 10.) (R4JN, Ex. C.) Pentz subsequently filed an arbitration demand against Auguste for her violation of the dual private restraining order and was awarded $1,246,494.97 on September 26, 2022. (Turnauer Decl. ¶ 16.) (R4JN, Ex. E.)

Plaintiff's Complaint also misrepresents the nature of a July 2021 lawsuit against Pentz. (Compl. ¶19.) Plaintiff conveniently omits that the lawsuit was dismissed within ten days of its filing, and a public apology was issued. (Turnauer Decl. ¶ 14; Ex. F.)

## III. ARGUMENT

Plaintiff commenced this action under the pseudonym Jane Doe in violation of Fed. R. Civ. P. 10(a) and 17(a). In pertinent part, Fed. R. Civ. P. 10(a) requires that "[t]he title of the complaint must name all the parties." In turn, Rule 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest." Rule 10(a) is not "solely [a rule] of administrative convenience" and this rule "protects the public's legitimate interest in knowing all the facts and events surrounding court proceedings." *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981).

Here, Plaintiff waited more than four months after filing her complaint to request permission to hide her identity. Regardless, Plaintiff's belated Motion is devoid of any evidence, by substantive declaration or otherwise, buttressing her request for anonymity. In support of her demand, Plaintiff merely states that she must be protected from "harassment, injury, ridicule, social stigmatization, and personal embarrassment." (Motion at 2:5-6.) However, Plaintiff's demand is supported neither by statute nor common law, and the scant factual record fails to substantiate her conclusory allegations. To be sure, Plaintiff's Motion rests solely upon the self-serving declaration of counsel in which she asserts (without any evidence) her clients' fears of harassment, injury, ridicule, social stigmatization, and personal

embarrassment. This is wholly insufficient.

The Ninth Circuit has identified three circumstances where "requests for pseudonymity have been granted: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *4 Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038 ABC (SSx), 2009 WL 250054, at *2 (C.D. Cal. Jan. 29, 2009).

Even then, Plaintiff will not be permitted to sue anonymously unless "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does 1 thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 9th Cir. 2000); *see also Rostker*, 89 F.R.D. at 162 (The "plaintiffs' alleged privacy interest [must] outweigh the public nature of the American courts of law.") "In cases where . . . pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile*, 89 F.3d at 1068-69.

In addition to this three-factor test, the Court must consider prejudice to the defendant at each stage of the proceedings and whether the proceedings can be structured to mitigate prejudice, as well as whether the public's interest is best served by requiring the litigants to reveal their identities. *Id.* Plaintiff neither establishes her need for anonymity in this action, nor demonstrates how her purported need outweighs its prejudicial effect and/or public interest concerns.

    **A.**    <u>**Plaintiff Is Not Entitled to Anonymity In This Case**</u>.

        ***i.***    ***Plaintiff Has Not Established Any Threatened Harm Nor the Reasonableness of Her Purported Fears***

Plaintiff's failure to identify any specific threat of harm (severe or otherwise)

5

of which she has any reasonable fear belies her claims. Plaintiff insists that she must be protected from "harassment, injury, ridicule, social stigmatization, and personal embarrassment" but refuses to articulate how the unfounded allegations at issue translate to any one of the foregoing. Plaintiff states that she was "harmed by Defendant Diplo's distribution and/or disclosure of her intimate images and videos without her consent . . . [d]istribution of visual depictions of Plaintiff engaged in sexually explicit activity . . . warrants proceeding via pseudonym." (Motion at 5:5-9.) However, counsel's spurious declaration in support thereof is highly speculative, devoid of facts, lacks personal knowledge, and is largely irrelevant to this inquiry.

Moreover, the cases to which Plaintiff cites are readily distinguishable. In *Doe v. Elam*, No. CV14-9788 PSG (MANX), 2015 WL 13905177, at *1 (C.D. Cal. July 20, 2015), the plaintiff was permitted to proceed under a pseudonym based on allegations that the defendant impersonated plaintiff on a public dating website, uploaded sexually explicit videos and images of the plaintiff to several pornography websites (with plaintiff's name and contact details), and sent photographs/videos of the plaintiff to her personal and professional acquaintances. *Id*. "These actions led to Plaintiff being contacted by a number of strangers, receiving explicit images, and a message stating that the sender was on his way to her home." *Id*.

No such severe conduct is alleged here. To the contrary, Plaintiff merely claims that she was "notified" by a single third-party regarding certain intimate materials depicting Plaintiff alleged to have been sent privately via Snapchat by Pentz. (Compl. ¶ 34.). Plaintiff tacitly concedes that she has not seen the alleged content and, to her knowledge, only one other person has. Unlike the plaintiff in *Elam* who was explicitly identified and received threatening/inappropriate materials in response to the defendant's actions, Plaintiff fails to allege any resulting harm from the alleged disclosure that would entitle her to anonymity in this action. Said differently, Plaintiff has not and is unable to set forth any grounds, let alone compelling grounds, to support her request for anonymity. That 15 U.S.C. § 6851

provides that the Court "may" grant injunctive relief in the form of a pseudonym does not alter this analysis.

Plaintiff cites *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990 (N.D. Cal. 2015), a case involving exotic dancers, for the proposition that "highly sensitive" situations involving "social stigmatization" or "sexuality" warrant anonymity. But *SFBSC* is distinguishable. For example, in *SFBSC*, both sides *agreed* that "public disclosure of an exotic dancer's true identity presents substantial risk of harm." *Id*. at 992 (emphasis added). The court also found that it was customary for exotic dancers to use stage names at work for privacy and personal safety reasons. *Id*. at 994-95. The *SFBSC* Court further noted that the Supreme Court has recognized that fear of employer reprisals will frequently chill employees' willingness to challenge employers' violations of their rights. 77 F. Supp. 3d at 997. Here, by contrast, the parties have not agreed that public disclosure of Plaintiff's identity presents a "substantial risk of harm" such that anonymity is required, and, in fact, Plaintiff has not shown that public disclosure of her identity presents substantial risk of harm.

That a plaintiff may suffer embarrassment or economic harm is not enough. Instead, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1043 (9th Cir.2010). Examples of areas where courts have allowed pseudonyms include cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Megless,* 654 F.3d 404, 408 (3rd Cir. 2011) (*citing Doe v. Borough of Morrisville,* 130 F.R.D. 612, 614 (E.D.Pa.1990)). Here, by contrast, Plaintiff has not shown that the public disclosure of her identity as one who engages in sexting and intimate videos with a celebrity —which may or may not have been disclosed to a single third party—presents substantial risk of harm. In sum, Plaintiff has not (and cannot) articulate any reasonable threat of harm.

    *ii.*  ***Plaintiff Fails to Demonstrate Her Vulnerability to Retaliation***

  Plaintiff has not submitted any admissible evidence to support her claim that she faces a real risk of retaliation for her involvement in this action. Instead, Plaintiff argues that another purported victim "spoke out against Defendant Diplo" and "was met with ridicule and threats to bodily harm." (Motion at 6:16-18.) Notwithstanding that her bald assertion lacks foundation, Plaintiff's inflammatory conjecture has no bearing here. *See Doe v. NFL Enterprises, LLC*, No. C 17-00496 WHA, 2017 WL 697420, at *1 (N.D. Cal. Feb. 22, 2017) (anonymity denied where plaintiff provided third party declaration of former cheerleader who suffered retaliation after suing NFL, but cited no actual threat of any harm against her specifically); *see also Doe v. City of Las Vegas,* No. 2:19-cv-00382-GMN-BNW, 2019 U.S. Dist. LEXIS 106645, at *5 (D. Nev. June 25, 2019) (concluding plaintiff's fear that she would suffer physical injury after her car was shot was while parked at the defendant-employer's facility was unreasonable). Likewise, Plaintiff's sweeping contention regarding victims of revenge porn does nothing to validate her vulnerability claim. That Plaintiff fails to offer to any authority in this regard is telling. Indeed, Plaintiff fails to explain how or why she is vulnerable to retaliation in this instance. *Compare Advanced Textile*, 214 F.3d at 1069 (plaintiffs were foreign workers who were particularly vulnerable to retaliation and had been explicitly threatened with termination, blacklisting, and deportation to China).

  **B.**  <u>**Even If Plaintiff Has A Need For Anonymity, It Is Outweighed By Prejudice To Defendants And The Public's Interest In Knowing Plaintiff's Identity**</u>

  As is discussed hereinabove, Plaintiff has not shown the need for anonymity in this case. On this basis alone, Plaintiff's Motion must be denied. *See*, *e.g.*, *4 Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038ABCSSX, 2009 WL 250054 at *3 (C.D. Cal. Jan. 29, 2009) ("Given that Plaintiffs have failed to establish a need to proceed pseudonymously, that presumption [that parties' identities are public

information] cannot be overcome."); *Doe v. Texaco, Inc.*, No. C06-02820 WHA, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006) (In holding that Plaintiffs' fears of being kidnapped or subjected to "other violence" by defendants or their agents, including the Ecuadorian military and Colombian paramilitary groups, were insufficient to demonstrate severe harm, the Court found: "Here, plaintiffs have not asserted enough to establish a need for anonymity. This cannot outweigh the prejudice such an order would work on defendants, even at this stage of the proceedings."). However, even if Plaintiff had demonstrated some need for anonymity, the balance of interests demands denial of this Motion.

### i. *Defendants Will Be Prejudiced By Plaintiff's Anonymity*

As an initial matter, Plaintiff urges that Pentz is aware of Plaintiff's identity. (Motion at 6:27.) This is utterly false. Plaintiff has neither disclosed her identity to any Defendant, including Corporate Defendants nor their counsel of record. (Turnauer Decl. ¶ 6-7.) To suggest otherwise is to distort the record and mislead the Court. For this same reason, Plaintiff's reliance on *Elam* and *Advanced Textile* is wholly misplaced. The Ninth Circuit has acknowledged that the use of pseudonyms can impair defendants' ability to mount a defense. *Advanced Textile*, 89 F.3d at 1072. The broad allegations of wrongdoing in this action are such that it would be fundamentally unfair to require Defendants to defend themselves publicly, while Plaintiff is permitted to maintain her anonymity. *See Doe v. Rose*, No. CV-15-07503-MWF-JC, 2016 WL 9137645, at *3 (C.D. Cal. June 17, 2016) ("Plaintiff's anonymity could significantly prejudice Defendant Rose if this action were to progress to trial. Indeed, the jury may interpret the Court's permission for Plaintiff to conceal her identity as a comment on the harm Defendants allegedly caused."); *Doe v. Merk & Co., Inc., 11-cv-02680-RBJ-KLM,* 2012 WL 555520 (D. Colo. Feb 17, 2012) (Plaintiffs assert broad allegations of wrongdoing, and it would be fundamentally unfair to require Defendants to "defend themselves publicly, while Plaintiff is permitted to hurl his accusations from behind a cloak of anonymity.") Defendants

must be able to counter any adverse publicity as a result of this lawsuit. Moreover, Plaintiff must identify herself so as to allow Defendants to formulate a defense. That Defendants are unable to properly respond to Plaintiff's Complaint due to her dereliction in filing this Motion is evidence enough of the ongoing prejudice to Defendants.

While not dispositive, the Southern District of New York's recent ruling *Jane Doe v. Sean Combs et al.,* No. 24-CV-8054 (MKV), 2024 WL 4635309, (S.D.N.Y. Oct. 30, 2024) is instructive. In *Combs*, the Court denied Plaintiff's request to proceed anonymously in her rape case against rapper Sean Combs. The Court noted that plaintiff chose to bring the lawsuit, leveling serious charges against Combs and, as such, put her credibility at issue. Therefore, defendant should be entitled to investigate plaintiff's background and challenge her allegations. *Id.* at * 3. The *Combs* Court further found that:

> "Plaintiff's counsel "confidentially" disclosing plaintiff's name to defense counsel would not obviate the potential prejudice to defendants. "Highly publicized cases can cause unknown witnesses to surface." (citing *Rapp*, 537 F. Supp. 3d at 531.) However, if Plaintiff's name is kept from the public, "information about only one side may thus come to light." *Id*. (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)). In particular, "persons with information about [Plaintiff] or [her] allegations that would be helpful to [the] defense .... likely would have no way of knowing" to come forward. Id. This "asymmetry" between the parties "not only would prejudice [Defendants], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.' " *Id*. (quoting *Doe v. Weinstein*, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020)).
>
> Indeed, the potential prejudice to Defendants with respect to discovery is inseparable from the potential prejudice to their reputations and fundamental fairness. Plaintiff alleges that Combs engaged in heinous conduct and that the other defendants were complicit. If damaging information about only one side is aired through the litigation, Defendants cannot mitigate the damage to their reputations. See id. Thus, courts in this Circuit have long stressed the fundamental unfairness of allowing a plaintiff to "make her accusations from behind

a cloak of anonymity." *Delta Airlines, Inc.*, 310 F.R.D. at 225 (quoting Shakur, 164 F.R.D. at 361). This Court agrees and concludes that the potential prejudice to Defendants weighs against Plaintiff."

*Id.* at *5.

This analysis can be applied to the case at bar. For example, a third party may come forward acknowledging his or her acquaintance with Plaintiff along with evidence which contradicts Plaintiff's claims. This could not happen if Plaintiff remained anonymous. Further, media outlets have a constitutional right to publish content about this case. Indeed, Plaintiff fails to establish that her threatened injuries (there are none) outweigh the prejudice to Defendants.

### ii. The Public Has a Right to Know Plaintiff's Identity

Similarly, Plaintiff's purported injury does not outweigh the public's interest in open proceedings. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their court." *U.S. v. Stoterau*, 524 F.3d 988, 1012-14 (9th Cir. 2008) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997) (alteration in original omitted)). Thus, there is a general presumption that parties identities are public information. *Id.* at 1012. It is well settled that "the common law rights of access to the courts and judicial records are not taken lightly. . . . The 'public interest in understanding the judicial process' has supported our 'general history of access.' " *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042-43 (9th Cir. 2010) (internal citations omitted). Only in the most exceptional and unusual circumstances may a party pursue an action in federal court anonymously. *See Stoterau*, 524 F.3d 988 at 1012-14; *accord Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144-45 (N.D. Cal. 2016) ("[T]he Ninth Circuit has made clear that use of a pseudonym should only be permitted occasionally and in 'unusual' cases."). In short," '[a] trial is a public event. What transpires in the court room is public property.' " *Cox Broad. Corp. v. Cohn,* 420 U.S. 469, 492 (1975) (internal citations omitted); *accord UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d at 1146

(explaining "[a] plaintiff's 'use of fictitious names runs afoul of the public's common law right of access to judicial proceedings' ") (internal citations omitted).

While it is true that Pentz is a public figure and, therefore, Plaintiff may face some public scrutiny if she proceeds in her own name, she has failed to establish that her interest to avoid such scrutiny or embarrassment outweighs the interests of both Pentz and the public's customary and constitutionally-embedded presumption of openness in judicial proceedings. *See Texaco, Inc.,* 2006 WL 2850035, at *6 ("When anyone … invokes the potential power and authority of a United States District Court, the public has a legitimate right to know on whose behalf their institutions are being used, unless good cause to do otherwise is shown."). As demonstrated by the nature of the Auguste-Pentz dispute—which Plaintiff interjected in both her Complaint and Motion—the public has a right to know if individuals are abusing the court system, whether Pentz is the continual subject of suspect allegations and who those individuals are that continually seek to bring such claims against Pentz. Notably, Auguste sued under her own name.

There is undeniable public interest in cases involving celebrities, including the identify of their accusers. Here, Plaintiff has alleged she was in a seven-year sexual relationship with the celebrity Pentz from June 2016 and October 2023, but does not allege that it was a secret affair or that the relationship at that time was kept anonymous. (Compl. ¶59.) This is not a case that involves abstract challenges to public policies, but rather particular actions and incidents. Thus open proceedings benefit the public as well as the parties. *Combs*, WL 4635309, at *6.

Given that Plaintiff has failed to establish the need to proceed pseudonymously, the presumption that parties' identities are public information cannot be overcome. Indeed, Plaintiff has failed to show that her privacy interest outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. *Press-Enterprise Co. v. Superior,* 464 U.S. 501, 509 (1984); *Advanced Textile*, 89 F.3d at 69.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's Motion

Dated: November 12, 2024     LINER FREEDMAN TAITELMAN + COOLEY, LLP

By: *Brian E. Turnauer*
Bryan J. Freedman
Brian E. Turnauer
Tamar Yeghiayan
Attorneys for Defendants