LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman, Esq. (SBN: 151990)
Brian E. Turnauer, Esq. (SBN: 206783)
Tamar Yeghiayan, Esq. (SBN: 298473)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Email: bfreedman@lftcllp.com
       bturnauer@lftcllp.com
       tyghiayan@lftcllp.com

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　Plaintiff,<br><br>vs.<br><br>THOMAS WESLEY PENTZ a/k/a "DIPLO," MAD DECENT PROTOCOL, LLC, MAD DECENT, LLC, MAD DECENT PROPERTIES, LLC, SILK CITY TOURING, INC., LOCKETT & LAZER, LLC, and HOLLERTRONIX PRODUCTIONS, INC.,<br><br>　　Defendants. | Case No.: 2:24-cv-05455-MRA-MAR<br><br>[Assigned to the Hon. Mónica Ramírez Almadani]<br><br>**DECLARATION OF BRIAN E. TURNAUER IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED WITH PSEUDONYM**<br><br>[Filed concurrently with Memorandum of Points and Authorities and Declaration of Brian E. Turnauer, Esq.] |

# DECLARATION OF BRIAN E. TURNAUER

I, Brian E. Turnauer, declare and state as follows:

1. I am an attorney licensed to practice law in all the Courts in the State of California. I am a partner at Liner Freedman Taitelman + Cooley, LLP ("**LFTC**"), counsel for defendants Hollertronix Productions, Inc., Mad Decent Properties, LLC, Locket & Lazar, LLC, Silk City Touring, Inc., Mad Decent Protocol, Inc. (collectively, "**Corporate Defendants**") and Thomas Wesley Pentz a/k/a Diplo ("Pentz") (together with Corporate Defendants, "**Defendants**"). I make this declaration ("**Declaration**") in support of Defendant's Opposition to Plaintiff Jane Doe's ("Plaintiff") Motion to Proceed with Pseudonym ("**Motion**"). I have personal knowledge of the facts set forth in this declaration, unless otherwise stated. If called upon to testify, I would and could testify competently to the facts set forth herein.

2. On August 22, 2024, Defendants' counsel conferred with Plaintiff's counsel regarding Plaintiff's failure to seek leave of Court to proceed pseudonymously. To give the parties additional time to discuss these issues and possibly avoid motion practice regarding them, on August 26, 2024, the parties filed a Joint Stipulation to Extend the Initial Response Deadline, requesting additional time to meet and confer pursuant to L.R. 7-3. (*See* ECF No. 33.)

3. Rather than file a timely motion, Plaintiff's counsel delayed and obfuscated, insisting that Defendants sign a protective order governing the entirety of the litigation just to ascertain the identity of Plaintiff–a premature demand given that Plaintiff had yet to properly seek leave of court to proceed under a pseudonym.

4. While Plaintiff claims that she is a victim of distribution of intimate photographs and videos, the Complaint fails to allege that Plaintiff has ever (i) viewed these photographs and videos; (ii) verified that the videos and photographs are of her; (iii) asserted that Plaintiff is even identifiable in the photographs and/or videos; and (iv) confirmed that the photographs and/or videos were distributed to anyone.

5. On October 11, 2024, Plaintiff filed a Motion to Proceed with Pseudonym ("**October 11 Motion**"), which was stricken by this Court, on October 16, 2024, because Plaintiff failed to comply with Local Rule 7-3. The October 11, Motion wrongfully asserted that Defendants were aware of the identify of Plaintiff.

6. The parties again met and conferred telephonically regarding the issues in this Motion on October 17, 2024 and October 28, 2024. At the conclusion of the October 28, 2024 meet and confer, in which my colleagues, Tamar Yeghiayan and Summer Benson, and I participated on behalf of Defendants, and Cori Iacopelli and Micah Liberty participated on Plaintiff's behalf, I informed Plaintiff's counsel that the October 11 Motion wrongfully asserted that Defendants were aware of Plaintiff's identity. Furthermore, my colleague informed Plaintiff's counsel that without Jane Doe's identity, Defendants could not file a counterclaim.

7. As with the October 11 Motion, this Motion wrongly asserts that Pentz knows the identity of Plaintiff. Neither Pentz nor Corporate Defendants are aware of Plaintiff's identity and, Plaintiff refuses to disclose the same.

## Relevant Facts Regarding Auguste-Pentz Dispute

8. The timeline of the Auguste-Pentz dispute is as follows. On or around November 6, 2020, Auguste filed a petition in the Los Angeles Superior Court, Stanley Mosk Courthouse to obtain a Temporary Restraining Order ("**TRO**") and Restraining Order ("**RO**") against Pentz alleging that Pentz distributed nude images of Auguste (LASC Case No. 20STRO06258). A true and correct copy of the docket is attached to the concurrently filed Request for Judicial Notice ("RFJN"), **Exhibit A.**

9. The TRO was granted, and the RO hearing was set for a future date.

10. On December 8, 2020, Pentz filed his own petition for a TRO and RO against Auguste alleging that Auguste distributed nude images of Pentz (LASC Case No. 20STRO06666). A true and correct copy of the docket is attached to the concurrently filed RFJN, **Exhibit B.**

11. Pentz's TRO was also granted and the RO was set for a future date.

12. The Parties entered into a Dual Private Restraining Order and the competing ROs were taken off calendar. Auguste <u>never</u> obtained an RO against Pentz.

13. On April 20, 2021, Pentz filed his civil complaint against Auguste for (1) stalking, (2) trespass, and (3) revenge porn pursuant to Cal. Civ. Code § 1708.85 (LASC Case No. 21STCV16321). A true and correct copy of the docket is attached to the concurrently filed RFJN, **Exhibit C.**

14. On April 30, 2021, Auguste went to her public Twitter page "@thatssoshellyy" and wrote "That pedophile didn't rape me but he definitely has done many other significantly disgusting and disturbing acts towards me and other girls if you are a victim please contact me I can get you in touch with my lawyer." A true and correct copy of the Twitter posting is attached hereto as **Exhibit F.**

15. Yet, despite her public announcement, on June 25, 2021, Auguste filed her own Complaint against Pentz alleging, among other things, sexual battery and revenge porn. A true and correct copy of the docket is attached to the concurrently filed RFJN, **Exhibit D.**

16. Pentz subsequently filed an arbitration demand against Auguste for her violation of the Dual Private Restraining Order and was awarded $1,246,494.97, on September 26, 2022. A true and correct copy of the Petitioner to Confirm the Arbitration award is attached to the concurrently filed R4JN, **Exhibit E.**

17. In that award, the arbitrator found that Auguste waged (1) a public campaign of harassment and Pentz, and (2) that Auguste also admitted to creating a fake Instagram account and sending sexually intimate photographs of Pentz to the mother of his child and to his ex-girlfriend. (*See* Ex. C, 5:4-9)

18. Plaintiff's Complaint references that "In July 2021, Diplo was accused of coercing a woman into performing oral sex on him in 2019." (Compl. ¶19.) The Complaint conveniently omits that fact that the lawsuit was dismissed within ten-

3
DECLARATION OF BRIAN E. TURNAUER IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED WITH PSEUDONYM

days of its filing, and that a public apology was issued, which stated "In light of the evidence and after consultation with my attorneys, I have decided to withdraw my lawsuit…No payment was offered or requested. I regret filing the lawsuit." A true and correct copy of an article quoting the public statement is attached hereto as **Exhibit G.**

    I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this 12th day of November 2024, at Los Angeles, California.

*Brian E. Turnauer*
Brian E. Turnauer