Micha S. Liberty
micha@libertylaw.com
LIBERTY LAW
California Bar No. 215687
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Tel: (510) 645-1000

Helene M. Weiss, *Pro Hac Vice*
heleneweiss@marsh.law
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212)372-3030
Fax: (833) 210-3336

Cori J. Iacopelli, *Pro Hac Vice*
coriiacopelli@marsh.law
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS WESLEY PENTZ a/k/a "DIPLO," MAD DECENT PROTOCOL, LLC, MAD DECENT PROPERTIES, LLC, SILK CITY TOURING, INC., LOCKETT & LAZER, LLC, and HOLLERTRONIX PRODUCTIONS, INC.,<br><br>Defendants. | Case No. 2:24-cv-05455-MRA-MAR<br><br>[Assigned to the Hon. Mónica Ramírez Almadani]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT THOMAS WESLEY PENTZ'S (a/k/a "DIPLO") MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(1)** |

1

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 4
II.  EVIDENCE RELIED UPON ........................................................................................... 5
III. RELEVANT FACTS ........................................................................................................ 5
IV.  LEGAL STANDARD ...................................................................................................... 7
V.   ARGUMENT .................................................................................................................... 8
   A. The Complaint Should Not Be Dismissed Because the Plaintiff's Use of a Pseudonym Does Not Destroy Subject Matter Jurisdiction ............................................................. 8
VI.  CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*B.M. v. Wyndham Hotels & Resorts, Inc.,* 20-CV-00656-BLF, 2020 WL 4368214, (ND Cal July 30, 2020) .................................................................................................................. 8
*Barnes v. United States Sec. & Exch. Comm'n*, No. CV 18-7644-GW(GJSX), 2019 WL 13045076, (C.D. Cal. Sept. 12, 2019) ...................................................................... 7
*Doe v. Network Sols., LLC*, No. 07–cv–05115–JSW, 2008 WL 191419, (N.D.Cal. 2008) ........... 8
*Doe v. Penzato, No.* 10–cv–5154–MEJ, 2011 WL 1833007, (N.D.Cal. 2011) .............................. 8
*Doe v. UNUM Life Insurance Company of America*, 164 F.Supp.3d 1140 (N.D.Cal. 2016) ......... 8
*Does I thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058 (9th Cir. 2000) ................................ 9
*Does I thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058, 1067-68 (9th Cir. 2000) ................. 9
*EEOC v. ABM Indus. Inc*., 249 F.R.D. 588 (E.D.Cal.2008) .......................................................... 8
*John v. Cnty. of Sacramento*, No. 216CV1640JAMDBPS, 2018 WL 558767 (E.D. Cal. Jan. 24, 2018) ................................................................................................................... 9, 10
*Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). ....................................................... 7
*Samii v. Scharfen*, No. CV 08-6981CAS(SHX), 2009 WL 464536, (C.D. Cal. Feb. 23, 2009) .... 7
*States v. Stoterau,* 524 F.3d 988 (9th Cir. 2008) ........................................................................... 9
*U.S. v. Doe,* 655 F.2d 920 (9th Cir. 1981); ................................................................................... 9
*United States v. Doe,* 488 F.3d 1154 (9th Cir. 2007) .................................................................... 9

Plaintiff "Jane Doe," by and through her attorneys of record, Micha S. Liberty of Liberty Law and Helene M. Weiss and Cori J. Iacopelli of Marsh Law PLLC, hereby files this Memorandum of Law in Opposition to Defendant Thomas Wesley Pentz a/k/a "Diplo"'s ("Diplo") Motion to Dismiss the Complaint pursuant to Federal Civil Rules of Procedure 12(b)(1) ("F.R.C.P."). [Dkt. Nos., 41-41.2].

## I.   INTRODUCTION

This matter comes before the court on Plaintiff's claims for civil damages against Defendant Diplo for violations of the federal intimate disclosure and/or revenge pornography statute and related state law claims. As set forth in the Complaint herein, Plaintiff is the subject of intimate images and videos which were recorded and disclosed to third parties by Defendant Diplo without Plaintiff's knowledge or consent. These intimate images and videos, which form the basis of the claims herein, are highly personal, intimate, and humiliating to Plaintiff. Plaintiff sued under 15 U.S.C. § 6851 and related state law, seeking accountability from Defendant Diplo for the psychological and emotional harms she has and continues to suffer from as a result of Defendant Diplo's violations of federal and state law.

Yet, before any discovery has even been exchanged, Defendant Diplo filed the pending motion to dismiss pursuant to F.R.C.P. Rules 12(b)(1), seeking to dismiss Plaintiff's case against him. In addition to being sorely premature, Defendant Diplo's motion is misleading and without support in the facts or law. This motion must be denied because Plaintiff's use of a pseudonym does not destroy subject matter jurisdiction.

At this early litigation stage, Defendant Diplo's motion to dismiss is premature and must be denied.

4

## II.     EVIDENCE RELIED UPON

This Memorandum of Law relies upon the factual assertions and evidence contained in the contemporaneously filed Declarations of Cori J. Iacopelli and Micha S. Liberty in Opposition to Defendant Diplo's Motion to Dismiss Pursuant to FRCP Rules 12(b)(1) ("Iacopelli Aff.") ("Liberty Aff.").

## III.     RELEVANT FACTS

On June 27, 2024, Plaintiff commenced this action pursuant to 15 U.S.C. § 6851 and C.A. Codes §§ 52.4 and 1708.5, seeking damages for the personal injuries she has suffered as a result of Defendant Diplo's disclosure of her intimate images and videos. [Dkt. No. 1, ¶¶ 1-5]. Plaintiff alleges that from approximately April 2016 through October 2023, Defendant Diplo maintained a sexual relationship with Plaintiff. [Dkt. No.1, ¶¶ 57-58]. Plaintiff alleges that she met Defendant Diplo for the first time when Diplo invited her to his hotel room in New York. [Dkt. No.1, ¶ 58]. Throughout their relationship, Plaintiff alleges that she and Diplo exchanged intimate and/or nude photographs and videos. [Dkt. No.1, ¶¶ 57-60]. Plaintiff always requested that Defendant Diplo keep the images and videos confidential. [Dkt. No.1, ¶¶ 57-62]. On some occasions, Plaintiff gave Defendant Diplo permission to record them having sex, but never gave him permission to distribute and/or disclose those images and videos to third parties. *Id.* Plaintiff trusted Defendant Diplo to keep the images and videos confidential and that he would not record them without her explicit consent. [Dkt. No.1, ¶ 61].

Unbeknownst to Plaintiff, between approximately 2018 and 2023, Defendant Diplo recorded himself having sex with Plaintiff on numerous occasions and distributed and/or disclosed the images and videos to third parties without Plaintiff's knowledge or consent. [Dkt. No.1, ¶¶ 62-63]. Defendant Diplo shared the images and videos with third parties via text messaging and

5

Snapchat. [Dkt. No.1, ¶ 62]. The images and videos depicted Plaintiff's genitals, buttocks, and face. [Dkt. No.1, ¶ 64]. One of the videos also captured Plaintiff's voice while having sex with Defendant Diplo. *Id.* Plaintiff did not consent to the disclosure and/or distribution of the images and videos by Defendant Diplo. [Dkt. No.1, ¶¶ 62-69].

Importantly, due to the highly sensitive and personal nature of the claims herein, the Complaint provides that "Plaintiff proceeds in this litigation under pseudonym, 'Jane Doe.' pursuant to Article 1, § 1 of the California Constitution.'" [Dkt. No. 1, ¶ 23]. As set forth in the accompanying Declarations of Cori J. Iacopelli and Micha S. Liberty, the parties met and conferred numerous times on Plaintiff's use of pseudonym and each time, Plaintiff offered to provide her name to Defendant Diplo pursuant to an appropriate protective order granting her anonymity. (Iacopelli Aff., ¶¶ 3-4). Significantly, during the first conversation the parties had in July 2024, counsel for Defendant Diplo represented to Plaintiff's counsel that Defendant Diplo knew who the Plaintiff was. (Liberty Aff., ¶ 4).

On October 25, 2024, Plaintiff provided Defendant Diplo with a proposed protective order, which was the standard protective order used and approved by the Central District of California, other than a few modifications made for the unique necessary protections of this case. (Iacopelli Aff., ¶ 5). In response to Plaintiff's proposed protective order, the Defendant Diplo's counsel stated that they "will not agree to the proposed protective order," but failed to provide any proposed revisions, comments, or any other drafts of the protective order. (Liberty Aff., ¶ 8). Defendant Diplo, through their counsel, also repeatedly stated that they would not agree to a protective order *unless* they *first* had Plaintiff's true legal identity, despite the fact that on numerous occasions, they said that they "knew or were pretty certain that they knew who Plaintiff was." (Iacopelli Aff., ¶ 3).

6

Despite the numerous meet and confers the parties have had on the issue of Plaintiff's true identity – and despite the fact that Plaintiff properly proceeded under pseudonym in this action pursuant to Article 1, § 1 of the California Constitution – not less than one week after Defendant Diplo rejected Plaintiff's proposed protective order, he filed the instant motion to dismiss. [Dkt. No. 40-40.2]. Coincidentally that same day, Plaintiff filed a motion to proceed under pseudonym and that motion is currently pending before the Court. [Dkt. No. 42]. In his motion, Defendant Diplo interestingly argues that he is "unaware of the identity of his accuser and therefore, lacks any ability to substantively respond to Plaintiff's verified allegations." [Dkt. No. 41, p. 2]. This statement is not only patently false given Counsel's representations that they (and Diplo) know or ae pretty certain they know Plaintiff's identity, but it is also misleading. If Defendant Diplo feels that he "lacks any ability" to answer Plaintiff's Complaint, then that is through no one else's fault but his own given that he has rejected Plaintiff's *repeated* attempts to disclose her identity pursuant to appropriate protective order. The instant motion is nothing but a frivolous and premature attempt to escape accountability.

### IV.   LEGAL STANDARD

Defendant Diplo moves to dismiss Plaintff's Complaint pursuant to Rule 12(b)(1). Under Rule 12(b)(1), a party may move for dismissal for lack of subject matter jurisdiction. *Barnes v. United States Sec. & Exch. Comm'n*, No. CV 18-7644-GW(GJSX), 2019 WL 13045076, at *1 (C.D. Cal. Sept. 12, 2019); *Samii v. Scharfen*, No. CV 08-6981CAS(SHX), 2009 WL 464536, at *1 (C.D. Cal. Feb. 23, 2009) ("[t]he objection presented by" a motion to dismiss pursuant to Rule 12(b)(1) is "that the court has no authority to hear and decide the case"). If jurisdiction is based on federal question, then the "pleader must show that (s)he has alleged a claim under federal law and that the claim is not frivolous.") *Samii*, 2009 WL 464536, at *1. If jurisdiction is based on diversity

of citizenship, then the "pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000." *Id.*

Dismissal under Rule 12(b)(1) "is appropriate when either the complaint or evidence extrinsic to the complaint demonstrates that the court lacks subject matter jurisdiction over the action." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "Rule 12(b)(1) jurisdictional challenges can either be factual or facial." *Barnes*, 2019 WL 13045076, at *1. In a facial attack, the challenger "asserts that the allegations contained in a complaint are insufficient on their face to invoke" jurisdiction. *Id.* Conversely, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual challenge, a district court may review evidence extrinsic to the complaint." *Id.*

As detailed below, Defendant Diplo's motion should be denied because Plaintiff properly filed a motion to proceed under pseudonym and therefore, this Court does not lack subject matter jurisdiction over this action.

### V. ARGUMENT

#### A. The Complaint Should Not Be Dismissed Because the Plaintiff's Use of a Pseudonym Does Not Destroy Subject Matter Jurisdiction

Defendant Diplo argues that because Plaintiff did not seek leave of court before proceeding pseudonymously, this Court does not have subject matter jurisdiction over this matter and this action should be dismissed. [Dkt. No. 41]. This argument has been outright rejected by courts within the Ninth Circuit.

Courts within the Ninth Circuit have held "that dismissal for lack of jurisdiction is not warranted when the plaintiff files a motion to proceed under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss." *Doe v. Network Sols., LLC*, No. 07–cv–05115– JSW, 2008 WL 191419, at *3 (N.D.Cal. 2008*); see also Doe v. Penzato, No.* 10–cv–5154–MEJ,

8

2011 WL 1833007, at *4 (N.D.Cal. 2011) ("Although some Circuits require plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not."); *EEOC v. ABM Indus. Inc.*, 249 F.R.D. 588, 592 (E.D.Cal.2008). Here, Defendant Diplo relies on Tenth Circuit holdings that state when a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so. [Dkt. No. 41, p. 3]. However, courts in the Ninth Circuit have expressly declined to follow this approach. *See Doe v. UNUM Life Insurance Company of America*, 164 F.Supp.3d 1140, 1144 (N.D.Cal. 2016) (holding that a plaintiff is not required to obtain leave to proceed anonymously before filing an anonymous pleading because any attempt to proceed anonymously would be pointless if a plaintiff had to use his or her real name first); *B.M. v. Wyndham Hotels & Resorts, Inc.,* 20-CV-00656-BLF, 2020 WL 4368214, at *10 (ND Cal July 30, 2020). In line with the law of the Ninth Circuit, Plaintiff filed a motion to proceed under pseudonym, and that motion is currently pending before the Court. [Dkt. No. 42]. The fact that Plaintiff's pseudonym motion was filed a few *hours* after Defendant Diplo's instant motion to dismiss does not warrant dismissal under applicable law.

Moreover, Plaintiff's Complaint should not be dismissed for lack of subject matter jurisdiction because the Ninth Circuit has consistently held that the use of pseudonyms does not violate Rule 10(a). *See U.S. v. Doe,* 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *States v. Stoterau,* 524 F.3d 988, 1012 (9th Cir. 2008); *United States v. Doe,* 488 F.3d 1154, 1156 n.1 (9th Cir. 2007); *See Does I thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058, 1067-68 (9th Cir. 2000) ("[i]n this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary… to protect a person from harassment, injury, ridicule, or personal embarrassment.").

To that end, to the extent that Defendant Diplo argues that Plaintiff's use of a pseudonym runs "afoul to Rule 10(a)," that argument is better suited for adjudication on Plaintiff's pending motion to proceed with pseudonym. [Dkt. 42]. Defendant Diplo relies on *Does I thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058, 1067-68 (9th Cir. 2000) for the proposition that Plaintiff's use of a pseudonym is improper. *Advanced Textile Corp.*, however, is used as a balancing test by courts within the Ninth Circuit to determine whether anonymity is proper in an action. Whether Plaintiff's Complaint should be dismissed under Rule 12(b)(1) for her use of a pseudonym and whether her use of a pseudonym is proper in this action are two different issues. Defendant Diplo attempts to mislead the Court by conflating the two. As stated herein, the law is clear: in the Ninth Circuit, dismissal is not warranted where, such as here, a plaintiff moves to proceed under pseudonym even if such motion is made after the defendant moves to dismiss. Whether the Court will ultimately allow Plaintiff to proceed under pseudonym, however, is a question for a later date.

Defendant Diplo erroneously relies on *John v. Cnty. of Sacramento*, No. 216CV1640JAMDBPS, 2018 WL 558767, at *1 (E.D. Cal. Jan. 24, 2018). In *John*, the defendant moved to dismiss the plaintiff's complaint under Rule 12(b)(6), arguing that plaintiff was proceeding under a fictitious name. 2018 WL 558767, at *1. In opposing the defendant's motion to dismiss, the plaintiff in *John* failed to address defendant's assertions about his fictitious name and failed to file a motion to proceed with pseudonym at any time before the motion to dismiss was heard by the court. *Id.* In its decision, the court ultimately gave the plaintiff an opportunity to seek permission to proceed anonymously and cited *Doe v. UNUM Life Ins. Co. of America*, reiterating the Ninth Circuit's well-established law that "dismissal for lack of jurisdiction is not warranted when a plaintiff files a motion to proceed under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss."

In contrast, here, Plaintiff properly filed a motion to proceed under a pseudonym and that motion is pending before the Court.

Accordingly, because Plaintiff's use of a pseudonym does not violate applicable law and her pseudonym motion has been filed, Defendant Diplo's motion to dismiss for lack of subject matter jurisdiction must be denied.

## VI. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendant Diplo's Motion to Dismiss.

DATED this 18th day of November 2024

By: *Cori J. Iacopelli*
Cori J. Iacopelli, *Pro Hac Vice*
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336
Email: coriiacopelli@marsh.law

Helene M. Weiss, *Pro Hac Vice*
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212)372-3030
Fax: (833) 210-3336
Email: heleneweiss@marsh.law

Micha S. Liberty
LIBERTY LAW
California Bar No. 215687
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Tel: (510) 645-1000

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains **2,273** words, which complies with the word limit of L.R. 11-6.1.

Dated: November 18th, 2024

                                              *Cori J. Iacopelli*
                                              Cori J. Iacopelli