Micha S. Liberty
micha@libertylaw.com
LIBERTY LAW
California Bar No. 215687
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Tel: (510) 645-1000

Helene M. Weiss, *Pro Hac Vice*
heleneweiss@marsh.law
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212)372-3030
Fax: (833) 210-3336

Cori J. Iacopelli, *Pro Hac Vice*
coriiacopelli@marsh.law
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JANE DOE,

Plaintiff,

v.

THOMAS WESLEY PENTZ a/k/a "DIPLO," MAD DECENT PROTOCOL, LLC, MAD DECENT PROPERTIES, LLC, SILK CITY TOURING, INC., LOCKETT & LAZER, LLC, and HOLLERTRONIX PRODUCTIONS, INC.,

Defendants.

Case No. 2:24-cv-05455-MRA-MAR

[Assigned to the Hon. Mónica Ramírez Almadani]

**PLAINTIFF'S OPPOSITION TO CORPORATE DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(1) AND 12(b)(6)**

## TABLE OF CONTENTS

I. INTRODUCTION .... 4
II. EVIDENCE RELIED UPON .... 5
III. RELEVANT FACTS .... 5
A. Plaintiff's Complaint Alleges Claims Under 15 U.S.C. § 6851 and Related State Law .... 5
B. The Corporate Defendants .... 7
IV. LEGAL STANDARD .... 11
V. ARGUMENT .... 13
C. The Complaint Should Not Be Dismissed Because the Plaintiff's Use of a Pseudonym Does Not Destroy Subject Matter Jurisdiction .... 13
D. Plaintiff's Complaint Satisfies the Rule 8 Pleading Requirements .... 16
VI. CONCLUSION .... 19

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 12
*B.M. v. Wyndham Hotels & Resorts, Inc.,* 20-CV-00656-BLF, 2020 WL 4368214, (ND Cal July 30, 2020) .......... 14
*Barnes v. United States Sec. & Exch. Comm'n*, No. CV 18-7644-GW(GJSX), 2019 WL 13045076, (C.D. Cal. Sept. 12, 2019) .......... 11, 12
*Bell Atlantic Corp v. Twombly,* 550 U.S. 544, (2007) .......... 12, 16
*Conley v. Gibson*, 355 U.S. 41, (1957) .......... 19
*Doe v. Network Sols., LLC*, No. 07–cv–05115–JSW, 2008 WL 191419, (N.D.Cal. 2008) .......... 13
*Doe v. Penzato,* No. 10–cv–5154–MEJ, 2011 WL 1833007, (N.D.Cal. 2011) .......... 13
*Doe v. T-Mobile USA, Inc.*, 4:23-cv-05166-SAB- 2024 WL 1705925 (E.D. Wash. Apr. 19, 2024) .......... 18
*Doe v. UNUM Life Insurance Company of America*, 164 F.Supp.3d 1140 (N.D.Cal. 2016) .......... 14
*Does I thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058, (9th Cir. 2000) .......... 14
*EEOC v. ABM Indus. Inc.*, 249 F.R.D. 588, (E.D.Cal.2008) .......... 13
*John v. Cnty. of Sacramento*, No. 216CV1640JAMDBPS, 2018 WL 558767, (E.D. Cal. Jan. 24, 2018) .......... 15
*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005) .......... 16
*Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, (9th Cir. 2008). .......... 16
*Mitan v. Feeney*, 497 F. Supp. 2d 1113 (C.D. Cal. 2007) .......... 12, 13
*PTP OneClick, LLC v. Avalara, Inc.,* 413 F.Supp.3d 1050, (U.S. Dist. W. Wash. 2019) .......... 16
*Roberts v. Corrothers*, 812 F.2d 1173 (9th Cir. 1987) .......... 12
*Samii v. Scharfen*, No. CV 08-6981CAS(SHX), 2009 WL 464536, (C.D. Cal. Feb. 23, 2009) . 11, 12
*States v. Stoterau,* 524 F.3d 988, (9th Cir. 2008) .......... 14
*Swartz v. KPMG LLP*, 476 F.3d 756, (9th Cir. 2007) .......... 17
*U.S. v. Doe,* 655 F.2d 920, (9th Cir. 1981) .......... 14
*United States v. Doe,* 488 F.3d 1154, (9th Cir. 2007) .......... 14
*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d. 1097, (9th Cir. 2003) .......... 17
*Yepez v. HSBC Bank*, No. SACV0900229CJCCTX, 2009 WL 10672348, (C.D. Cal. Apr. 16, 2009) .......... 17, 19

### Rules

Fed. R. Civ. P. 12(b)(6) .......... 12
Fed. R. Civ. P. 8(a) .......... 15
Fed. R. Civ. Pro. 9 .......... 17

Plaintiff "Jane Doe," by and through her attorneys of record, Micha S. Liberty of Liberty Law and Helene M. Weiss and Cori J. Iacopelli of Marsh Law PLLC, hereby files this Memorandum of Law in Opposition to Defendants' Mad Decent Protocol, LLC, Mad Decent Properties, LLC, Silk City Touring, Inc., Locket & Lazar, LLC, and Hollertronix Productions, Inc. (collectively, "Corporate Defendants") Motion to Dismiss the Complaint pursuant to Federal Civil Rules of Procedure 12(b)(1) and 12(b)(6) ("F.R.C.P."). [Dkt. Nos., 40-40.2].

## I. INTRODUCTION

This matter comes before the court on Plaintiff's claims for civil damages against the Defendants for violations of the federal intimate disclosure and/or revenge pornography statute and related state law claims. As set forth in the Complaint herein, Plaintiff is the subject of intimate images and videos which were disclosed to third parties by Defendants without Plaintiff's knowledge or consent. These intimate images and videos, which form the basis of the claims herein, are highly personal, intimate, and humiliating to Plaintiff. Plaintiff sued under 15 U.S.C. § 6851 and related state law, seeking accountability from those who harmed and victimized her.

Yet, before any discovery has even been exchanged, the Corporate Defendants filed the pending motion to dismiss pursuant to F.R.C.P. Rules 12(b)(1) and (b)(6), seeking to dismiss Plaintiff's case against them. In addition to being sorely premature, the Corporate Defendants' motion is misleading and without support in the facts or law. This motion must be denied because Plaintiff's use of a pseudonym does not destroy subject matter jurisdiction and Plaintiff's Complaint sufficiently alleges causes of action under 15 U.S.C. § 6851 and related state law against the Corporate Defendants.

At this early litigation stage, the Corporate Defendants' motion to dismiss is premature and must be denied.

## II. EVIDENCE RELIED UPON

This Memorandum of Law relies upon the factual assertions and evidence contained in the contemporaneously filed Declarations of Micha S. Liberty and Cori J. Iacopelli in Opposition to the Corporate Defendants Motion to Dismiss Pursuant to FRCP Rules 12(b)(1) and (b)(6), including the exhibits annexed thereto. ("Liberty Aff.") ("Iacopelli Aff.").

## III. RELEVANT FACTS

### A. Plaintiff's Complaint Alleges Claims Under 15 U.S.C. § 6851 and Related State Law

On June 27, 2024, Plaintiff commenced this action pursuant to 15 U.S.C. § 6851 and C.A. Codes §§ 52.4 and 1708.5, seeking damages for the personal injuries she has suffered as a result of Defendants' disclosure of her intimate images and videos. [Dkt. No. 1, ¶¶ 1-5]. Plaintiff alleges that from approximately April 2016 through October 2023, Defendant Thomas Wesley Pentz (known by his stage name "Diplo") maintained a sexual relationship with Plaintiff. [Dkt. No.1, ¶¶ 57-58]. Plaintiff alleges that she met Defendant Diplo for the first time when Diplo invited her to his hotel room in New York. [Dkt. No.1, ¶ 58]. Throughout their relationship, Plaintiff alleges that she and Diplo exchanged intimate and/or nude photographs and videos. [Dkt. No.1, ¶¶ 57-60]. Plaintiff always requested that Defendant Diplo keep the images and videos confidential. [Dkt. No.1, ¶¶ 57-62]. On some occasions, Plaintiff gave Defendant Diplo permission to record them having sex, but never gave him permission to distribute and/or disclose those images and videos to third parties. *Id.* Plaintiff trusted Defendant Diplo to keep the images and videos confidential and that he would not record them without her explicit consent. [Dkt. No.1, ¶ 61].

Unbeknownst to Plaintiff, between approximately 2018 and 2023, Defendant Diplo recorded himself having sex with Plaintiff on numerous occasions and distributed and/or disclosed the images and videos to third parties without Plaintiff's knowledge or consent. [Dkt. No.1, ¶¶ 62-

63]. Defendant Diplo shared the images and videos with third parties via text messaging and Snapchat. [Dkt. No.1, ¶ 62]. The images and videos depicted Plaintiff's genitals, buttocks, and face. [Dkt. No.1, ¶ 64]. One of the videos also captured Plaintiff's voice while having sex with Defendant Diplo. *Id.* Plaintiff did not consent to the disclosure and/or distribution of the images and videos by Defendant Diplo. [Dkt. No.1, ¶¶ 62-69].

Importantly, due to the highly sensitive and personal nature of the claims herein, the Complaint provides that "Plaintiff proceeds in this litigation under pseudonym, 'Jane Doe.' pursuant to Article 1, § 1 of the California Constitution.'" [Dkt. No. 1, ¶ 23]. As set forth in the accompanying Declarations of Micha S. Liberty and Cori J. Iacopelli, the parties met and conferred numerous times on Plaintiff's use of pseudonym and each time, Plaintiff offered to provide her name to the Corporate Defendants pursuant to an appropriate protective order granting her anonymity. (Liberty Aff., ¶¶ 4-5; Iacopelli Aff., ¶ 3). Significantly, during the first meet and confer the parties had in July 2024, counsel for the Corporate Defendants represented to Plaintiff's counsel that the Defendants knew who the Plaintiff was. (Liberty Aff., ¶ 4).

On October 25, 2024, Plaintiff provided the Corporate Defendants with a proposed protective order, which was the standard protective order used and approved by the Central District of California, other than a few modifications made for the unique necessary protections of this case. (Iacopelli Aff., ¶ 5). In response to Plaintiff's proposed protective order, the Corporate Defendants' counsel stated that they "will not agree to the proposed protective order," but failed to provide any proposed revisions, comments, or any other drafts of the protective order. (Liberty Aff., ¶ 8). The Corporate Defendants, through their counsel, also repeatedly stated that they would not agree to a protective order *unless* they *first* had Plaintiff's true legal identity, despite the fact

that on numerous occasions, they said that they "knew or were pretty certain that they knew who Plaintiff was." (Iacopelli Aff.. ¶ 3).

Despite the numerous meet and confers the parties have had on the issue of Plaintiff's true identity – and despite the fact that Plaintiff properly proceeded under pseudonym in this action pursuant to Article 1, § 1 of the California Constitution – not less than one week after the Corporate Defendants rejected Plaintiff's proposed protective order, they filed the instant motion to dismiss. [Dkt. No. 40-40.2]. Coincidentally, that same day, Plaintiff filed a motion to proceed under pseudonym. [Dkt. No. 42]. In their motion, the Corporate Defendants interestingly argue that they "are entirely unaware of the identity of their accuser and, therefore, lack any ability to substantively respond to Plaintiff's unverified allegations." [Dkt. No. 40, p. 2]. This statement is not only patently false given Counsel's representations that they (and the Defendants) know or are pretty certain they know Plaintiff's identity, but it is also misleading. If the Corporate Defendants feel they "lack any ability" to answer Plaintiff's Complaint, then that is through no one else's fault but their own given that they have rejected Plaintiff's *repeated* attempts to disclose her identity pursuant to appropriate protective order. The instant motion is nothing but a frivolous and premature attempt to escape accountability.

**B. The Corporate Defendants**

It is unclear why the Corporate Defendants represent to the Court that "Plaintiff is attempting to rope Corporate Defendants into this case for tactical but legally unsound motivations," [Dkt. No. 40, p. 2] when a preliminary search of the Internet shows that there was, at a minimum, some sort of agency and/or financial relationship between Defendant Diplo and the Corporate Defendants. For example, in 2016-2019, Defendant Diplo, through the Mad Decent Corporate Defendants, hosted a festival series called, "The Super Mega Ultra Giant Mad Decent Block Party Festival." (Iacopelli Aff.. ¶ 8). In 2019, "Diplo and Mad Decent" hosted a showcase

at the Brooklyn Mirage in Brooklyn, NY. (Iacopelli Aff.. ¶ 8). In 2016, an article was published regarding Defendant Diplo and his team – *i.e.,* "the people handling his management, booking, radio promotion, legal affairs, and more." (Iacopelli Aff.. ¶ 8). As detailed therein, Defendant Diplo "owns and operates his own label, Mad Decent," and Mad Decent was often referred to as somewhat of an alter ego of Defendant Diplo. For example, one of Defendant Diplo's managers, Andrew McInnes, was interviewed and it was reported that "Diplo...and the extended Mad Decent family" had been managed by McInnes since 2006. Later in the article, McInnes stated that "[e]verything should tie back to the Mad Decent brand." In 2017, Defendant Diplo spoke about his involvement with Hollertronix, and it was reported that he threw parties under the Hollertronix name. (Iacopelli Aff.. ¶ 8).

Given the foregoing, and other research conducted by Plaintiff, Plaintiff had a good faith and legal basis for naming the Corporate Defendants herein. In Plaintiff's Complaint, she alleges that the Corporate Defendants are civilly liable under 15 U.S.C. § 6851 and related state law. Specifically, Plaintiff alleges the following short and plain statements against each Corporate Defendant to put them on notice of the claims herein:

> 28. Upon information and belief, at all relevant times, Defendant MAD DECENT PROTOCOL, LLC was a limited liability company organized and existing under the laws of the State of Pennsylvania with its headquarters in New York City located at 12 W. 37th Street, Fl. 10, New York, NY 10018. Mad Decent Protocol, LLC also owns, operates, and conducts business in California, with its registered California office located at 350 S. Beverly Dr., Suite 210, Beverly Hills, CA 90212.
>
> 29. To the extent that Mad Decent Protocol, LLC was a different entity, corporation, or organization during the time when Plaintiff was sexually exploited and continues to be, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in this lawsuit as Mad Decent Protocol, LLC.
>
> 30. To the extent Mad Decent Protocol, LLC is a successor to a different entity, corporation, or organization which existed during the time when Plaintiff

was sexually exploited, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named as Mad Decent Protocol, LLC.

31. Upon information and relief, at all relevant times, Defendant MAD DECENT, LLC, was a limited liability company existing under the laws of the State of California with its headquarters located at 26511 Via Desmonde Lomita, CA 90717.

32. To the extent that Mad Decent, LLC was a different entity, corporation, or organization during the time when Plaintiff was sexually exploited and continues to be, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in this lawsuit as Mad Decent, LLC.

33. To the extent Mad Decent, LLC is a successor to a different entity, corporation, or organization which existed during the time when Plaintiff was sexually exploited, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named as Mad Decent, LLC.

34. Upon information and relief, at all relevant times, Defendant MAD PROPERTIES, LLC, was a limited liability company organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 605 N. 11th Street, Philadelphia, PA 19123.

35. To the extent that Mad Properties, LLC was a different entity, corporation, or organization during the time when Plaintiff was sexually exploited and continues to be, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in this lawsuit as Mad Decent Properties, LLC.

36. To the extent Mad Decent Properties, LLC is a successor to a different entity, corporation, or organization which existed during the time when Plaintiff was sexually exploited, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named as Mad Decent Properties, LLC.

37. All such Mad Decent-related entities, corporation, or organizations are collectively referred to herein as “Mad Decent.”

38. Upon information and belief, at all relevant times, Defendant SILK CITY TOURING, INC. was a New York foreign business corporation authorized to conduct business in the State of New York. Silk City Touring, Inc. is registered at 99 Washington Ave., Suite 805a, Albany, NY 12210.

39. To the extent that Silk City Touring, Inc. was a different entity, corporation, or organization during the time when Plaintiff was sexually exploited

> and continues to be, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in this lawsuit as Silk City Touring, Inc.
>
> 40. To the extent Silk City Touring, Inc. is a successor to a different entity, corporation, or organization which existed during the time when Plaintiff was sexually exploited, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named as Silk City Touring, Inc.
>
> 41. Upon information and belief, at all relevant times, Defendant LOCKETT & LAZER, LLC, was a limited liability company existing under the laws of the State of California. Lockett & Lazer, LLC is registered and located at 3839 Carnavon Way, Los Angeles, CA 90027. 42. To the extent that Lockett & Lazer, LLC was a different entity, corporation, or organization during the time when Plaintiff was sexually exploited and continues to be, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in this lawsuit as Lockett & Lazer, LLC
>
> 43. To the extent Lockett & Lazer, LLC is a successor to a different entity, corporation, or organization which existed during the time when Plaintiff was sexually exploited, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named as Lockett & Lazer, LLC.
>
> 44. Upon information and belief, at all relevant times, Defendant HOLLERTRONIX PRODUCTIONS, INC. was a corporation existing and conducting business in the State of New York with its principal place of business located at 12 W. 37th Street, Fl. 10, New York, NY 10018.
>
> 45. To the extent that Hollertronix Productions, Inc. was a different entity, corporation, or organization during the time when Plaintiff was sexually exploited and continues to be, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in this lawsuit as Hollertronix Productions, Inc.
>
> 46. To the extent Hollertronix Productions, Inc. is a successor to a different entity, corporation, or organization which existed during the time when Plaintiff was sexually exploited, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named as Hollertronix Productions, Inc.

[Dkt. 1, ¶¶ 28-46]. Plaintiff's Complaint also alleges that each Corporate Defendant is civilly liable because "each of the Defendants was an agent, servant, employee, partner, joint

venture, franchisee, alter ego, aider and abettor, and/or co-conspirator and engaged in a common or common enterprises with each of the remaining Defendants herein, and was at all times acting within the course and scope of said agency, service, employment partnership, joint venture, franchise, unlawful enterprise, conspiracy, and/or lawful or unlawful conduct as herein alleged." [Dkt. No. 1, ¶ 47]. Plaintiff's Complaint also alleges that "each of the Defendants designated herein are responsible in some manner or is otherwise legally liable to Plaintiff for the injuries complained of" therein. [Dkt. No. 1, ¶ 48]. At this time, nothing more is required of Plaintiff to adequately state a claim against the Corporate Defendants.

As set forth in more detail herein, at this early stage of litigation, it is impossible to determine the complex relationship between Defendant Diplo and the Corporate Defendants. Only after full disclosure can the parties ascertain the relationship between the Corporate Defendants and Defendant Diplo. Accordingly, because Plaintiff sufficiently states a claim against the Corporate Defendants, their motion to dismiss must be denied.

## IV. LEGAL STANDARD

The Corporate Defendants move to dismiss Plaintff's Complaint pursuant to Rule 12(b)(1). Under Rule 12(b)(1), a party may move for dismissal for lack of subject matter jurisdiction. *Barnes v. United States Sec. & Exch. Comm'n*, No. CV 18-7644-GW(GJSX), 2019 WL 13045076, at *1 (C.D. Cal. Sept. 12, 2019); *Samii v. Scharfen*, No. CV 08-6981CAS(SHX), 2009 WL 464536, at *1 (C.D. Cal. Feb. 23, 2009) ("[t]he objection presented by" a motion to dismiss pursuant to Rule 12(b)(1) is "that the court has no authority to hear and decide the case"). If jurisdiction is based on federal question, then the "pleader must show that (s)he has alleged a claim under federal law and that the claim is not frivolous.") *Samii*, 2009 WL 464536, at *1. If jurisdiction is based on diversity

of citizenship, then the "pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000." *Id.*

Dismissal under Rule 12(b)(1) "is appropriate when either the complaint or evidence extrinsic to the complaint demonstrates that the court lacks subject matter jurisdiction over the action." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "Rule 12(b)(1) jurisdictional challenges can either be factual or facial." *Barnes*, 2019 WL 13045076, at *1. In a facial attack, the challenger "asserts that the allegations contained in a complaint are insufficient on their face to invoke" jurisdiction. *Id.* Conversely, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual challenge, a district court may review evidence extrinsic to the complaint." *Id.*

The Corporate Defendants also move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). Rule 12(b)(6) provides for dismissal of an action that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining a motion to dismiss under Rule 12(b)(6), the court "*must* accept as true all factual allegations in the complaint." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1123 (C.D. Cal. 2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (emphasis added). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must generally satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include a short and plain statement of the claim showing that the pleader is entitled to relief." *Mitan,* 497 F. Supp. 2d at 1123; *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that Rule 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," but "'detailed factual allegation[s]' are not required").

While a complaint attacked by Rule 12(b)(6) "does not need factual allegation," the Courts require that plaintiff "proffer enough facts to state a claim to relief that is plausible on its face." *Mitan*, 497 F. Supp. 2d at 1124. A claim is facially plausible when the facts pleaded in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S., at 556.

As detailed below, the Corporate Defendants' motion should be denied because (i) this Court does not lack subject matter jurisdiction over this action and (ii) accepting all of Plaintiff's factual allegations as true, Plaintiff has sufficiently pleaded a cause of action against the Corporate Defendants.

## V. ARGUMENT

### C. The Complaint Should Not Be Dismissed Because the Plaintiff's Use of a Pseudonym Does Not Destroy Subject Matter Jurisdiction

The Corporate Defendants argue that because Plaintiff did not seek leave of court before proceeding pseudonymously, this Court does not have subject matter jurisdiction over this matter and this action should be dismissed. [Dkt. No. 40]. This argument has been outright rejected by courts within the Ninth Circuit.

Courts within the Ninth Circuit have held "that dismissal for lack of jurisdiction is not warranted when the plaintiff files a motion to proceed under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss." *Doe v. Network Sols., LLC*, No. 07–cv–05115–JSW, 2008 WL 191419, at *3 (N.D.Cal. 2008); *see also Doe v. Penzato,* No. 10–cv–5154–MEJ, 2011 WL 1833007, at *4 (N.D.Cal. 2011) ("Although some Circuits require plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not."); *EEOC v. ABM Indus. Inc.*, 249 F.R.D. 588, 592 (E.D.Cal.2008). Here, the Corporate Defendants rely almost entirely on Tenth Circuit holdings that state when a party wishes to file a case anonymously or

under a pseudonym, it must first petition the district court for permission to do so. [Dkt. No. 40, p. 4-5]. However, courts in the Ninth Circuit have expressly declined to follow this approach. *See Doe v. UNUM Life Insurance Company of America*, 164 F.Supp.3d 1140, 1144 (N.D.Cal. 2016) (holding that a plaintiff is not required to obtain leave to proceed anonymously before filing an anonymous pleading because any attempt to proceed anonymously would be pointless if a plaintiff had to use his or her real name first); *B.M. v. Wyndham Hotels & Resorts, Inc.,* 20-CV-00656-BLF, 2020 WL 4368214, at *10 (ND Cal July 30, 2020). In line with the law of the Ninth Circuit, Plaintiff filed a motion to proceed under pseudonym, and that motion is currently pending before the Court. [Dkt. No. 42]. The fact that Plaintiff's pseudonym motion was filed a few *hours* after the Corporate Defendants' instant motion to dismiss does not warrant dismissal under applicable law.

Moreover, Plaintiff's Complaint should not be dismissed for lack of subject matter jurisdiction because the Ninth Circuit has consistently held that the use of pseudonyms does not violate Rule 10(a). *See U.S. v. Doe,* 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *States v. Stoterau,* 524 F.3d 988, 1012 (9th Cir. 2008); *United States v. Doe,* 488 F.3d 1154, 1156 n.1 (9th Cir. 2007); *See Does I thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058, 1067-68 (9th Cir. 2000) ("[i]n this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary… to protect a person from harassment, injury, ridicule, or personal embarrassment.").

To that end, to the extent that the Corporate Defendants argue that Plaintiff's use of a pseudonym runs "afoul to Rule 10(a)," that argument is better suited for adjudication on Plaintiff's pending motion to proceed with pseudonym. [Dkt. 42]. The Corporate Defendants rely on *Does I thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058, 1067-68 (9th Cir. 2000) for the proposition

that Plaintiff's use of a pseudonym is improper. *Advanced Textile Corp.*, however, is used as a balancing test by courts within the Ninth Circuit to determine whether anonymity is proper in an action. Whether Plaintiff's Complaint should be dismissed under Rule 12(b)(1) for her use of a pseudonym and whether her use of a pseudonym is proper in this action are two different issues. The Corporate Defendants attempt to mislead the Court by conflating the two. As stated herein, the law is clear: in the Ninth Circuit, dismissal is not warranted where, such as here, a plaintiff moves to proceed under pseudonym even if such motion is made after the defendant moves to dismiss. Whether the Court will ultimately allow Plaintiff to proceed under pseudonym, however, is a question for a later date.

The Corporate Defendants erroneously rely on *John v. Cnty. of Sacramento*, No. 216CV1640JAMDBPS, 2018 WL 558767, at *1 (E.D. Cal. Jan. 24, 2018). In *John*, the defendant moved to dismiss the plaintiff's complaint under Rule 12(b)(6), arguing that plaintiff was proceeding under a fictitious name. 2018 WL 558767, at *1. In opposing the defendant's motion to dismiss, the plaintiff in *John* failed to address defendant's assertions about his fictitious name and failed to file a motion to proceed with pseudonym at any time before the motion to dismiss was heard by the court. *Id.* In its decision, the court ultimately gave the plaintiff an opportunity to seek permission to proceed anonymously and cited *Doe v. UNUM Life Ins. Co. of America*, reiterating the Ninth Circuit's well-established law that "dismissal for lack of jurisdiction is not warranted when a plaintiff files a motion to proceed under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss."

In contrast, here, Plaintiff properly filed a motion to proceed under a pseudonym and that motion is pending before the Court.

Accordingly, because Plaintiff's use of a pseudonym does not violate applicable law and her pseudonym motion has been filed, the Corporate Defendants' motion to dismiss for lack of subject matter jurisdiction must be denied.

**D. Plaintiff's Complaint Satisfies the Rule 8 Pleading Requirements**

Plaintiff's Complaint satisfies Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a) (stating a proper complaint must contain a short statement showing the pleader is entitled to relief). To survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," rather it must provide the basis of entitlement to relief, which requires more than "labels and conclusions." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 545 (2007). Rule 8 sets forth a "notice" pleading standard—the complaint must furnish fair notice to the defendants of what the claim is and the grounds upon which it rests. *Id.* This liberal notice pleading standard requires nothing more than a "short and plain statement to survive a motion to dismiss" and it applies to all civil claims, including the instant action, except those alleging fraud or mistake. *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1102-03 (9th Cir. 2008).

Construing the Complaint in the light most favorable to Plaintiff, as the Court must on a motion to dismiss, here, Plaintiff's Complaint sufficiently identifies each Corporate Defendant individually and provides separate short statements of their liability in compliance with Rule 8(a)(2). *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). Indeed, Plaintiff's Complaint contains over twenty paragraphs consisting of short and plain statements alleging the basis of her claims as to each individual Corporate Defendant. [Dkt. No. 1]. At this early stage of litigation, Plaintiff is not required to plead the specific legal theories upon which she will later rely in her Complaint, as long as the Corporate Defendants received notice as to what is at issue in the case – which they have. *See PTP OneClick, LLC v. Avalara, Inc.,* 413 F.Supp.3d 1050, 1057 (U.S. Dist. W. Wash. 2019). Whether a plaintiff's complaint satisfies the

Rule 8 pleading standard is dependent on whether the court believes the language gave the defendants fair notice in the circumstances and facts of the individual matter. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d. 1097, 1105 (9th Cir. 2003) ("[a]llegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)").

In their motion, the Corporate Defendants argue that "Plaintiff must distinguish defendants' *particular* roles in the alleged causes of action." [Dkt. 40, p. 5] (emphasis added). In doing so, the Corporate Defendants improperly apply the heightened pleading standard of Rule 9 to this matter. *See* Fed. R. Civ. Pro. 9. Under Rule 9, in cases where fraud is alleged, the allegations must be "stated with particularity." *Yepez v. HSBC Bank*, No. SACV0900229CJCCTX, 2009 WL 10672348, at *1 (C.D. Cal. Apr. 16, 2009). The Ninth Circuit, however, does not require a plaintiff to adhere to the heightened pleading standards of Rule 9 where the case does *not* involve allegations of fraud. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud'") (citation omitted).

Here, Plaintiff's Complaint does not contain any allegations of fraud. The Corporate Defendants' argument therefore that Plaintiff "must allege facts showing how each and every defendant is involved" is without merit and must be rejected because such particularity is not required in this action. [Dkt. No. 40, p. 5]. Nor would such particularity be possible at this early stage of the litigation where no discovery has been conducted, no depositions have been taken, and no documents have been exchanged. The information relevant and integral to Plaintiff's claims is within the exclusive possession of the Corporate Defendants. Plaintiff cannot – without the full benefit of discovery – know the relationship between each Corporate Defendant and Defendant

Diplo and/or ascertain how each Corporate Defendant was involved with Defendant Diplo's disclosure of Plaintiff's intimate images and videos. For example, Plaintiff is entitled to discovery on the whether Defendant Diplo (i) used Corporate Defendant paid-for devices to distribute Plaintiff's intimate images; (ii) used devices owned by the Corporate Defendants to distribute Plaintiff's intimate images; (iii) recorded Plaintiff in hotel rooms paid for by the Corporate Defendants; and (iv) recorded Plaintiff and/or distributed Plaintiff's intimate images in connection with events and/or activities sponsored and/or paid for by the Corporate Defendants. Discovery on the foregoing issues is particularly important to assess the Corporate Defendants' liability because in the Ninth Circuit, courts have held that "ordinary tort-related vicarious liability rules" will apply to claims under 15 U.S.C. § 6851. *Doe v. T-Mobile USA, Inc.*, 4:23-cv-05166-SAB- 2024 WL 1705925, at *3-4 (E.D. Wash. Apr. 19, 2024) (holding that "[t]he general rule in the Ninth Circuit is that where the statue itself is silent as to vicarious liability, courts should conclude that Congress intended to incorporate ordinary tort-related vicarious liability rules….As such, the Court declines to dismiss Plaintiff's § 6851 claim as a matter of law"). Only after full disclosure can Plaintiff properly ascertain the relationships between Plaintiff, the Corporate Defendants, and Defendant Diplo.

The Corporate Defendants also incorrectly argue that "[b]ecause Plaintiff merely lumps together Corporate Defendants and individual" Defendant Diplo, "Plaintiff's claims must be dismissed for failing to satisfy the pleading requirements." [Dk. No. 40, p. 5]. As previously stated, Rule 9 prohibits a complaint to merely lump multiple defendants together, but Rule 8 makes no mention of it. Regardless, Plaintiff's Complaint does not "merely lump" the defendants together but rather, the allegations contained therein properly put the Corporate Defendants on fair notice of the facts and circumstances of this matter as required by Rule 8 – the *correct* pleading standard

to be applied to this matter. [Dkt. No. 1, ¶¶ 21-48] (*see* Section III, B, *supra*). *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (stating the notice pleading requirements of Rule 8 are meant to give defendants fair notice of the claims against them).

Given the foregoing, the Corporate Defendants' motion to dismiss must be denied. In the alternative, in keeping with Rule 8's liberal pleading standard, this Court should grant Plaintiff leave to amend the Complaint to cure any defects with additional factual allegations. *Yepez v. HSBC Bank*, No. SACV0900229CJCCTX, 2009 WL 10672348, at *1 (C.D. Cal. Apr. 16, 2009).

## VI. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court deny Corporate Defendants' Motion to Dismiss.

DATED this 18th day of November 2024

By: *Cori J. Iacopelli*
Cori J. Iacopelli, *Pro Hac Vice*
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336
Email: coriiacopelli@marsh.law

Helene M. Weiss, *Pro Hac Vice*
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212)372-3030
Fax: (833) 210-3336
Email: heleneweiss@marsh.law

Micha S. Liberty
LIBERTY LAW
California Bar No. 215687
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Tel: (510) 645-1000

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains **5,181** words, which complies with the word limit of L.R. 11-6.1.

Dated: November 18, 2024

_Cori J. Iacopelli_
Cori J. Iacopelli