UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05455-MRA-MAR | Date | December 31, 2024 |
|---|---|---|---|
| Title | Jane Doe v. Thomas Wesley Pentz, et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM [ECF 42] AND DENYING AS MOOT DEFENDANTS' RULE 12(B)(1) MOTIONS TO DISMISS**

Before the Court is Plaintiff's Motion to Proceed by Pseudonym, Defendant Thomas Wesley Pentz's ("Pentz") and Defendants Hollertronix Productions, Inc., Mad Decent Properties, LLC, Locket & Lazar, LLC, Silk City Touring, Inc., and Mad Decent Protocol, Inc.'s (collectively, "Corporate Defendants") Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF 42, ECF 41, ECF 40 at 5-6. The Court read and considered the Motions and held a hearing on December 9, 2024. ECF 53. The Court granted on the record Corporate Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) with leave to amend. ECF 53, 54. For the reasons stated herein, the Court **DENIES** Plaintiff's Motion to Proceed by Pseudonym and **DENIES AS MOOT** Defendants' Rule 12(b)(1) Motions to Dismiss.

## I. BACKGROUND[1]

Pentz, who goes by the stage name "Diplo," is a well-known disc jockey, songwriter, and music producer. ECF 1 ¶ 6. Throughout the 2000s, Pentz became involved with music-related ventures, Defendants Hollertronix Productions, Inc., Silk City Touring, Inc., and the record label Mad Decent. *Id.* ¶¶ 9, 10; *see also id.* ¶¶ 28-46. According to the Complaint, Pentz used his fame and platform to attract young women and teenage girls into engaging in sexual relationships with him. *Id.* ¶ 13. Between 2020 and 2023, several allegations of sexual abuse, revenge pornography, and grooming surfaced against Pentz. *Id.* ¶¶ 16-19.

Plaintiff alleges that she was one of Pentz's victims. *Id.* ¶ 20. In approximately April

---

[1] The facts are described as alleged in Plaintiff's initial Complaint, unless otherwise indicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05455-MRA-MAR | Date | December 31, 2024 |
|---|---|---|---|
| Title | Jane Doe v. Thomas Wesley Pentz, et al. | | |

2016, when Doe was 21 years old, she and Pentz began communicating on the mobile application Snapchat.  *Id.* ¶ 57.  Between April and June 2016, Pentz maintained continuous contact with Doe, exchanging pornographic images with her.  *Id.*  In or around approximately June 2016, Doe met Pentz for the first time when he invited her to his hotel room in Manhattan, New York.  *Id.* ¶ 58.  Between June 2021 and October 2023, Doe and Pentz maintained an intimate relationship, including having sex.  *Id.* ¶ 59.  They also exchanged intimate and/or nude photographs and videos.  *Id.* ¶ 60.  Doe requested that Pentz keep any images and videos confidential.  *Id.*  She also made it known to Pentz that she did not want Pentz recording them engaging in sexual activities without her explicit consent or distributing any images or recordings to third parties.  *Id.* ¶ 59.  She gave Pentz permission to record them having sex on some occasions, but never game him permission to distribute those images and videos to third parties.  *Id.* ¶ 60.

Between 2018 and 2023, without Doe's knowledge or consent, Pentz recorded himself having sex with Doe on numerous occasions and disclosed and/or distributed those images and videos to third parties via text message and Snapchat.  *Id.* ¶ 62.  In November 2023, Doe was contacted for the first time by a third-party who told Doe that she was in possession of images and videos of Doe and Pentz having sex.  *Id.* ¶ 64.  The third-party told Doe that she received the intimate material from Pentz on Snapchat on October 14, 2018.  *Id.*  The materials depicted Plaintiff's genitals, buttocks, and face, and one of the videos captured her voice while engaged in sexually explicit activities.  *Id.*  On November 7, 2023, Doe reported Pentz's disclosure and distribution of her intimate images and videos to the New York Police Department, which then issued a warrant for his arrest on November 11, 2023.  *Id.* ¶¶ 66, 67.  On these facts, Plaintiff alleges three claims: (1) the disclosure of intimate images without consent in violation of 15 U.S.C. § 6851(b)(1)(A), (2) revenge pornography in violation of California Civil Code § 1708.85, and (3) gender violence in violation of California Civil Code § 52.4.  *Id.* ¶¶ 71-90.

Plaintiff filed the operative Complaint on June 24, 2024.  ECF 1.  Defendants entered an appearance on July 25, 2024, ECF 25, and the Court granted the parties' initial stipulation extending the deadline to answer the Complaint until October 30, 2024, ECF 34.  On October 9, 2024, the Court denied the parties' second stipulation to extend the answer deadline to March 1, 2025, for lack of good cause shown.  ECF 37.  On October 11, 2024, Plaintiff filed her initial Motion to Proceed by Pseudonym.  ECF 38.  On October 15, 2024, the Court struck the motion for failure to comply with the meet-and-confer requirement under Local Rule 7-3.  ECF 39.  Defendants then filed the instant Motions to Dismiss on October 30, 2024.  ECF 40, 41.  Within a few hours of Defendants' Motions to Dismiss being filed, Plaintiff renewed the instant Motion to Proceed by Pseudonym.  ECF 42.  Defendants oppose Plaintiff's Motion to Proceed by Pseudonym.  ECF 46.  Plaintiff opposes Defendants' Motions to Dismiss.  ECF 47, 48.  The parties filed Replies in support of their respective Motions.  ECF 49, 52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05455-MRA-MAR | Date | December 31, 2024 |
|---|---|---|---|
| Title | Jane Doe v. Thomas Wesley Pentz, et al. | | |

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that the title of every complaint "include the names of all the parties." Fed. R. Civ. P. 10(a). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). The Ninth Circuit does not require plaintiffs to obtain leave of the court before filing an anonymous pleading, but "plaintiffs must still obtain leave to proceed under fictitious names." *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007 at *4 (N.D. Cal. May 13, 2011). In actions brought pursuant to 15 U.S.C. § 6851, the statute expressly provides that the court "may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B).

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F. 3d 1058, 1068 (9th Cir. 2000). Appearing under a pseudonym is appropriate when "nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68. The Ninth Circuit has instructed district courts to balance "the need for anonymity" with "the precise prejudice at each stage of the proceedings to the opposing party" and "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068.

## III. DISCUSSION

Courts in the Ninth Circuit have generally recognized three situations where courts have permitted plaintiffs to use pseudonyms: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution," *Ocean S. v. Los Angeles Cnty.*, No. LACV2306921JAKEX, 2023 WL 8191123 (C.D. Cal. Nov. 20, 2023) (citing *Advanced Textile*, 214 F. 3d at 1068). Here, Plaintiff contends that anonymity is needed to protect her from the risk of retaliation and preserve her privacy, but conceded at the hearing that she did not sufficiently brief privacy as a ground for anonymity.

Where, as here, a plaintiff seeks to proceed anonymously to shield herself from retaliation, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042 (citing *Advanced Textile*, 214 F.3d at 1068) (internal quotation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05455-MRA-MAR | Date | December 31, 2024 |
|---|---|---|---|
| Title | Jane Doe v. Thomas Wesley Pentz, et al. | | |

marks omitted); *cf. Doe v. U.S. Healthworks Inc.*, No CV 15-05689-SJO (AFMx), 2016 WL 11745513, at *4 (C.D. Cal. Feb. 4, 2016) ("[W]here a plaintiff asserts her privacy interests as the primary basis for her need to proceed anonymously, the retaliation analysis in *Advanced Textile* is inapplicable.").

"[T]he two most important factors"—the severity of the threatened harm and the reasonableness of the plaintiff's fears—are "intricately related and should be addressed together." *Kamehameha*, 596 F.3d at 1043. A plaintiff is "not required to prove that the defendants intend to carry out the threatened retaliation. What is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out." *Advanced Textile*, 214 F.3d at 1071.

Plaintiff argues that this case generally involves "a number of highly intrusive and non-consensual disclosures" of sexually explicit material. ECF 42 at 7-9. However, she does not present evidence demonstrating a fear of retaliation resulting from disclosure of her identity or that said fear is reasonable. *See Kamehameha*, 596 F.3d at 1043 ("In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, *and* (2) that the fear of severe harm is reasonable."). Plaintiff's counsel testified to Plaintiff's belief that disclosure of her legal name "will put her in significant physical and emotional danger." *See* ECF 42-1 (Iacopelli Decl.) ¶ 3. Counsel also testified to her own "fear that Plaintiff's safety is at risk if her true legal identity were to be disclosed without a protective order in place." *Id.* ¶ 4. But Counsel's allegations do not set forth any particular facts that would allow the Court to evaluate the severity of any threatened harm or the reasonableness of *Plaintiff's* beliefs. *See Doe v. Combs*, No. 24-CV-8054 (MKV), 2024 WL 4635309, at *3 (S.D.N.Y. Oct. 30, 2024) ("[I]t is well-established that counsel's 'conclusory statements and speculation' about mental harm to Plaintiff are insufficient" (citation omitted)), *reconsideration denied,* 2024 WL 4753565 (S.D.N.Y. Nov. 12, 2024). And Plaintiff did not file a declaration of her own under seal.

Moreover, the cases relied upon by Plaintiff in support of anonymity are distinguishable. *See* ECF 46 at 7-8. In *Doe v. Elam*, the district court granted plaintiff's unopposed motion to proceed by pseudonym based on allegations that the defendant, among other things, impersonated plaintiff on a dating website and uploaded sexually explicit materials of the plaintiff to pornography websites, resulting in plaintiff receiving messages from several strangers including one where the sender stated he was on her way to her home. No. CV 14-09788-PSG (MANx), 2015 WL 13905177, at *1-2 (C.D. Cal. July 20, 2015). Plaintiff does not raise allegations of a similar nature here. Likewise, in *Jane Roes 1-2 v. SFBSC Management, LLC*, the court considered whether two exotic dancers could proceed pseudonymously in an employment class action against a nightclub operator. 77 F. Supp. 3d 990, 991-92 (N.D. Cal. 2015). The court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05455-MRA-MAR | Date | December 31, 2024 |
|---|---|---|---|
| Title | Jane Doe v. Thomas Wesley Pentz, et al. | | |

found that plaintiffs "express[ed] reasonable concerns that disclosing their identities would threaten them with both career and possibly physical harm." *Id.* at 995. Here, there are no allegations of economic or career harm. *SFBSC* observed that, broadly speaking, courts have been willing to grant anonymity in cases touching on human sexuality. *Id.* at 994. But Plaintiff has not alleged any facts that would lead the Court to conclude that she "faces the same threat to personal embarrassment and social stigmatization" as the exotic dancers in *SFBSC*, as she asserts. *See* ECF 42 at 9.

Plaintiff argues that she is vulnerable to retaliation in part because another, unidentified individual "was met with ridicule and threats to bodily harm" when she "spoke out against [Pentz]." ECF 42 at 9. In their Opposition, Defendants identify this unnamed person as Marchel Auguste and sharply dispute Plaintiff's characterization of the Auguste-Pentz dispute. *See generally* ECF 46 at 4-5; ECF 46-1 (Turnaeur Decl.) ¶¶ 8-17; *see also* ECF 46-4 (RJN) ¶¶ 1-4, Exs. A-D (ECF 46-5 through ECF 46-8).[2] Defendants acknowledge that Auguste filed a lawsuit against Pentz, but they submit evidence that that the dispute resolved in an arbitration award against Auguste in which the arbitrator found that she distributed sexually intimate images of Pentz to third parties. *See* Turnaeur Decl. ¶¶ 15-17; RJN ¶¶ 4-5, Exs. D, E (ECF 46-7, 46-8). In

---

[2] Defendants request that the Court take judicial notice of several filings in the following cases in Los Angeles County Superior Court: (1) *Auguste v. Pentz*, Case No. 20STRO06258, (2) *Pentz v. Auguste*, Case No. 20STRO06666, (3) *Pentz v. Auguste,* Case No. 21STCV16321, and (4) *Auguste v. Pentz*, Case No. 21STCV23647. ECF 46-4 (RJN). In her Reply, Plaintiff states her opposition to the request but does not elaborate on her objections. *See* ECF 49; *cf.* ECF 49-1 (Liberty Decl.) ¶ 7 (quoting from, without attaching, the complaint in *Auguste v. Pentz*, Case No. 21STCV23647). Federal Rule of Evidence 201 "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)). A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). "While the court cannot accept the veracity of the representations made in the documents, it may properly take judicial notice of the existence of those documents and of the 'representations having been made therein.'" *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 984-85 (E.D. Cal. 2012) (quoting *San Luis Unit Food Producers v. United States*, 772 F. Supp. 2d 1210, 1216 n.1 (E.D. Cal. 2011)). Because the subject filings are relevant to Plaintiff's allegations in her Motion to Proceed by Pseudonym, the Court grants Defendants' request for judicial notice in its entirety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05455-MRA-MAR | Date | December 31, 2024 |
|---|---|---|---|
| Title | Jane Doe v. Thomas Wesley Pentz, et al. | | |

her Reply, Plaintiff does not dispute this but alleges that Pentz retaliated against Auguste by taking to Instagram to disparage her as "an obsessed fan" and publish their prior text messages. ECF 49-1 (Liberty Decl.) ¶ 7, Ex. 1 (ECF 49-2). Even if the Instagram post in question were substantiated, the Court is not persuaded that Plaintiff's allegations amount to an "actual threat of any harm against her *specifically*." *Doe v. NFL Enterprises, LLC*, No. C 17-00496 WHA, 2017 WL 697420, at *2 (denying request for anonymity where plaintiff produced declaration of third party who alleged retaliation after suing the defendant). Plaintiff's general allegations that "victims of revenge pornography are often met with threats and ridicule by the public" similarly fail to demonstrate her particular vulnerability to retaliation. *See* ECF 42 at 9.

Plaintiff has not made a sufficient factual showing as to the severity and reasonableness of threatened harm and her vulnerability to justify the need for anonymity. Plaintiff's privacy concerns are likewise insufficiently alleged. The Court appreciates that Plaintiff's allegations in her Complaint are "sensitive and [of a] highly personal nature," *Advanced* Textile, 214 F.3d at 1068, and that she may face some public scrutiny if she were to proceed in her own name because Pentz is a public figure. However, absent a demonstrated need for anonymity, there is a prevailing public interest in open judicial proceedings. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *U.S. v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)); *see also Kamehameha*, 596 F.3d at 1042-43 ("[T]he common law rights of access to the courts and judicial records are not taken lightly."). Indeed, "those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Plaintiff has not sufficiently demonstrated that this case warrants an exception.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed by Pseudonym is **DENIED**. Because Plaintiff must disclose her identity in an amended pleading, Defendants' Rule 12(b)(1) Motions to Dismiss are **DENIED AS MOOT**. The Court further **ORDERS** as follows:

1. Plaintiff shall file an amended pleading consistent with this Order within **twenty-one (21) days** of the date of this Order. *See* ECF 54.

2. The Court is concerned that, to date, counsel have not appeared to confer in good faith to resolve their dispute over a protective order. *Cf.* Fed. R. Civ. P. 26(c)(1). Part of the dispute appears to stem from confusion over whether Plaintiff could initiate and proceed with this lawsuit by pseudonym. This Order should clarify that Plaintiff was allowed to initiate her lawsuit pseudonymously, but having done so, she was required to seek leave of the Court to maintain her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05455-MRA-MAR | Date | December 31, 2024 |
|---|---|---|---|
| Title | Jane Doe v. Thomas Wesley Pentz, et al. | | |

anonymity.  *See supra* II.  Notwithstanding the Court's denial of Plaintiff's request, the Court recognizes that Plaintiff may have an interest in protecting the disclosure of the sensitive and personal materials purportedly at issue in this case.  The parties are directed to meet and confer within **fourteen (14) days** of the date of this Order to negotiate a protective order without court intervention.  Within **thirty (30) days** of the date of this Order, the parties shall file a stipulated protective order, or if an agreement is not reached, request a pre-motion telephonic conference before the assigned Magistrate Judge.

      3.     Based on the briefing and oral argument to date, the Court hereby provides notice to the parties and their counsel that it will not tolerate any disrespect toward either party.  This case, like all other cases, shall be handled with professionalism and civility by all sides.  Any actual threats of retaliation or harassment shall be brought to the Court's attention immediately.

      **IT IS SO ORDERED.**

|  | - | : | - |
|---|---|---|---|
| | Initials of Deputy Clerk | gga | |